COWEN, Senior Circuit Judge.
 

 Appellant, Broomall Industries, Inc. (Broomall), appeals from a December 4, 1984, decision of the United States District Court for the Northern District of California, granting partial summary judgment in favor of appellee, Data Design Logic Systems, Inc. (Data Design). The decision was based on the court’s determination that Broomall’s action for patent infringement was discharged pursuant to 11 U.S.C. § 1141, as a result of an order entered by the bankruptcy court confirming the planned reorganization of Logic Systems, Inc. (Logic Systems), under chapter 11 of the Bankruptcy Code. Logic Systems is the predecessor of Data Design.
 

 On January 2, 1985, the portion of Broo-mall’s suit which was not disposed of by summary judgment was dismissed without prejudice, and the partial summary judgment of December 4, 1984 was designated as a final judgment of the district court.
 

 We vacate the judgment and remand the case to the district court for trial.
 

 BACKGROUND
 

 Commencing in September 1976, the attorney for Broomall wrote Data Design’s predecessor, Logic Systems, that Broomall was the exclusive licensee of the patent in issue. This was followed by an exchange of letters between Andrew Trolio, president of Broomall, and James E. Newland, president of Logic Systems, or their respective counsel. Broomall’s charge that Logic Systems had infringed the patent was denied, but Logic Systems offered to purchase a license to avoid litigation. Attempts to negotiate the license failed, whereupon Broo-mall, by letter of February 14,1977, threatened suit. On March 22, 1977, a copy of Broomall’s proposed complaint for patent infringement was mailed to Logic Systems. By letter of March 22, 1977, counsel for Logic Systems wrote Broomall’s attorney, describing in detail Logic Systems’ position that it had not infringed the patent.
 

 Broomall did not proceed with its infringement action against Logic Systems at that time. Instead, Broomall filed a patent infringement suit against Nicolet Instrument Corporation (Nicolet) in mid-1977. Broomall had been advised by counsel that 35 U.S.C. § 286 provided that damages could be recovered for patent infringement occurring within 6 years prior to filing suit, and that Broomall was not obligated by law to institute suit against more than one alleged infringer at a time. During the years 1976 to 1983, notice of the action against Nicolet was given to the trade. As a result of a settlement which involved payment of money by Nicolet to Broomall, the suit against Nicolet was terminated May 26,1983. On February 23,1983, Broo-mall’s attorney wrote Mr. Newland, stating that Broomall had decided not to file suit against Logic Systems until a favorable decision in the Nicolet suit was received. The letter also notified Logic Systems of Broomall’s intention, as exclusive licensee, to enforce the patent.
 

 On May 7, 1980, 3 years after Logic Systems had denied infringement of the patent, Logic Systems filed a petition for reorganization under chapter 11 of the Bankruptcy Code. On July 29, 1981, an order was entered confirming the plan of reorganization. The plan involved the merger of Logic Systems into a new company to be known as Data Design Logic Systems Inc., and the deposit by Data Design of $150,000 in cash with the disbursing agent of the bankruptcy court. Data Design deposited the $150,000 in reliance on
 
 *403
 
 the confirmation order as a discharge of all of the debtors’ pre-confirmation obligations that were not provided for in the reorganization plan. Broomall was not listed on the schedule of creditors which accompanied Logic Systems’ chapter 11 petition, and Broomall received no notice of the proposed plan of reorganization or the confirming order.
 

 On July 7, 1983, Broomall commenced an action for patent infringement in the district court against Data Design, as successor to Logic Systems. On June 6, 1984, Broomall filed in the district court the declaration (affidavit) of Mr. Trolio. Referring to 1976-77 correspondence, the affidavit noted the result of the patent infringement action against Nicolet and stated that it was not until after February 23, 1983, that Broomall learned of the bankruptcy proceedings and the merger of Logic Systems into Data Design.
 

 On October 29,1984, Data Design filed in the district court the declaration (affidavit) of Mr. Newland, in support of the motion for summary judgment. Referring to the letter of March 22, 1977, in which Logic Systems denied that it had infringed the patent, the affidavit stated that Mr. New-land had concluded prior to May 7, 1980, when the petition in bankruptcy was filed, that “Broomall agreed that it did not have a claim against Logic Systems.” The affidavit also stated that until Mr. Newland received Broomall’s letter of February 23, 1983, he did not know that Broomall was still asserting a claim of infringement against Logic Systems. The affidavit further stated that after the commencement of the bankruptcy proceedings, Mr. New-land told Mr. Trolio that Logic Systems was in a chapter 11 bankruptcy. After the filing of the Newland affidavit, Mr. Trolio filed another declaration in the district court, dated October 22, 1984, in which he referred to the Newland declaration and denied that Mr. Newland had informed him that Logic Systems was in bankruptcy.
 

 On October 24, 1984, Barry A. Stein, counsel for Broomall in the district court, filed a declaration in which he stated that he had notified counsel for Data Design that if it refused to settle the infringement suit, Broomall would like to take the deposition of Mr. Newland. In his affidavit, Stein added that he had been informed that Newland was no longer employed by Data Design, but that the attorney for Data Design had refused to disclose Newland’s address and telephone number.
 

 In granting the motion for summary judgment, the district judge did not file a written opinion. Instead, the court’s decision was based upon the following statement which was made in open court by the district judge during a conference with counsel for the parties and was recorded in the reporter's transcript:
 

 And as the matter is now before me, there is no significant probative evidence that contradicts defendant’s assertion that [it] was not on notice, that there was any continued or outstanding claim. And there has been ample opportunity to respond to that or do the necessary discovery to refute that contention.
 

 And in view of that, I believe it is appropriate to grant summary judgment, to grant partial summary judgment to defendant.
 

 OPINION
 

 I.
 

 At all times pertinent to this litigation, the decisions of the Supreme Court and other courts had made it clear that Fifth Amendment due process considerations take precedence over the discharge provisions of section 1141 of the Bankruptcy Code, in cases where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings. In its decision in
 
 Mullane v. Central Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 662, 657, 94 L.Ed. 865 (1950), the Supreme Court declared:
 

 An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested
 
 *404
 
 parties of the pendency of the action and afford them an opportunity to present their objections. * * *
 

 Mulleme
 
 was followed by
 
 City of New York v. New York, New Haven & Hartford Railroad Co.,
 
 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), involving a railroad reorganization under section 77 of the Bankruptcy Act in which creditors were notified by publication only. There the Court held that notice by publication could not be considered reasonable notice where the names, interests, and addresses of the claimants were known.
 
 See also In Re Intaco Puerto Rico, Inc.,
 
 494 F.2d 94 (1st Cir.1974) and
 
 In Re Harbor Tank Storage Co.,
 
 385 F.2d 111 (3d Cir.1967).
 

 The parties agreed that these are the controlling legal principles, but they differ in the application of those principles to the facts in this case. Data Design argues that Mr. Newland’s affidavit shows that Logic Systems reasonably concluded that Broomall was not asserting a claim against it when the bankruptcy proceedings were instituted and therefore, that Logic Systems was not aware of Broomall’s patent infringement claim at that time. On the other hand, Broomall contends that Mr. Newland’s affidavit shows on its face that he knew of Broomall’s claim in 1977. Broo-mall also maintains that Newland’s statement is nothing more than an expression of his personal opinion that Broomall had abandoned its claim.
 

 We find that Broomall’s position is supported by the record. Although the basis for the district court’s decision is not entirely clear to us, the court apparently concluded that Broomall had abandoned its claim and therefore, that Logic Systems was not on notice that the claim was outstanding. The decision was based in part on Broomall’s failure to discover evidence in refutation of Mr. Newland’s declaration.
 

 There is no evidence that Logic Systems was informed by Broomall that its claim for infringement had been abandoned or that Broomall had agreed with Logic Systems’ contention that it had not infringed the patent. At all material times, Logic Systems was represented by counsel and presumably knew that Broomall’s suit could result in damages for patent infringement occurring within 6 years. 35 U.S.C. § 286.
 

 The district court’s finding that Data Design was not on notice of Broomall’s claim when the petition in bankruptcy was filed, was apparently based on the fact that Broomall had taken no action and had remained silent on its claim from March 22, 1977, until after the petition in bankruptcy was filed on May 7, 1980. We agree with Broomall that in making that finding, the district court erred. Also, we conclude that summary judgment should not have been granted for the following reasons:
 

 1. Logic Systems knew of Broomall’s claim in 1977, prior to the filing of the petition in bankruptcy. It was not established by undisputed evidence that Broo-mall abandoned its claim or acquiesced in Logic Systems’ denial of infringement.
 

 2. Bankruptcy law does not require that a creditor’s claim is forfeited if it fails to provide continuing or follow-up notice to a debtor.
 

 3. There is no evidence that Broomall was guilty of bad faith or that it intentionally misled Logic Systems by its silence.
 

 4. Even if the district court had found that Broomall was not a known claimant, there is no indication in the record before us that notice by publication was given to the unknown claimants, as required by law.
 
 See Mullane v. Central Hanover Bank & Trust Co., supra,
 
 339 U.S. at 318, 70 S.Ct. at 659.
 

 Our conclusions are based upon a review of the evidence before the district court and our reliance on
 
 TWM Manufacturing Co., Inc. v. Dura Corporation,
 
 592 F.2d 346 (6th Cir.1979). In that case, plaintiffs’ infringement suit was filed in February 1973 — 8 years after a patent application was filed and the invention disclosed to the defendant by letter; over 6 years after the patent was issued and formal notice was given to the defendant that its device infringed the patent; over 6 years after the
 
 *405
 
 defendant expressly rejected the claim of infringement; 3 years after the filing of a suit against the plaintiffs by a third party challenging the patent’s validity, and 1 year after that suit was settled. The district court granted summary judgment with the following finding:
 

 The plaintiff clearly knew of the possible infringement of the defendant in late 1966. After defendant advised the plaintiff of its opinion of the invalidity of the Turner Patent, the plaintiff refrained from any action for a substantial period of time.
 
 The defendant was thus justified in proceeding on the supposition that plaintiff had either acquiesced in its opinion of invalidity or that the plaintiff was abandoning its position.
 
 (Emphasis added.)
 

 Id.
 
 at 350.
 

 In reversing the decision of the district court, the Sixth Circuit stated:
 

 This is an inadequate basis for a finding of estoppel, since, as we have stated, estoppel requires more than mere silence. The record does not disclose, and the district court does not point to, any misrepresentations, affirmative acts of misconduct, or intentionally misleading silence by the plaintiff. Such findings are necessary in order to establish an estoppel.
 
 [1]
 

 Id.
 
 at 350.
 

 The Sixth Circuit also held that the record suggested that the defendant was aware that plaintiff was defending its rights under the patent in other litigation and that if this fact was established, the defendant would not have been justified in believing that the plaintiff had abandoned its position. In the case at bar, there is no evidence that Logic Systems was unaware of the pendency of Broomall’s infringement suit against Nicolet, but there is evidence in the record before us that Broomall gave notice of that action to the trade. This evidence “suggests” that Logic Systems knew that Broomall was enforcing its patent rights in the litigation against Nicolet.
 

 Since the undisputed evidence before the district court was not sufficient to entitle Data Design to summary judgment as a matter of law, as required by Fed.R. Civ.P. 56(c), the district court also erred in resting its decision, in part, on the fact that Broomall failed to undertake the discovery of evidence to rebut the affidavit of Mr. Newland. As the Supreme Court pointed out in
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 160, 90 S.Ct. 1598, 1609-10, 26 L.Ed.2d 142 (1969), if the evidentiary matter in support of the motion for summary judgment does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.
 

 II.
 

 As stated in the factual background above, Mr. Newland asserted in his affidavit that after the commencement of the bankruptcy proceedings, he told Mr. Trolio that Logie Systems was in a chapter 11 bankruptcy. This assertion was flatly denied in the counter-affidavit of Mr. Trolio. However, even if Broomall had actual notice of the bankruptcy proceedings, that fact would not have obviated the necessity for the service of formal notice on Broo-mall, nor would it have validated the discharge of Broomall’s claim as a result of the order entered by the bankruptcy court. In
 
 City of New York v. New York, New Haven & Hartford Railroad Co., supra,
 
 the city, a known creditor of the debtor who had filed an application for reorganiza
 
 *406
 
 tion under section 77 of the Bankruptcy Act, was given notice only by publication. Later the city had actual knowledge that the reorganization of the railroad was taking place in the bankruptcy court. In holding that the city’s claim was not barred because of its knowledge, the Supreme Court declared:
 

 Nor can the bar order against New York be sustained because of the city’s knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory “reasonable notice” will be given them before their claims are forever barred.
 

 344 U.S. at 297, 73 S.Ct. at 301.
 

 In reliance on that holding, the same conclusion, as specifically applied to bankruptcy reorganization proceedings, was reached in
 
 Reliable Electric Co., Inc. v. Olson Construction Co.,
 
 726 F.2d 620, 622 (10th Cir.1984) and in
 
 In Re Harbor Tank Storage Co., supra,
 
 at 115.
 

 CONCLUSION
 

 Since we have determined that the undisputed facts before the court were insufficient to justify the granting of summary judgment, the judgment of the district court is vacated and the case is remanded to that court for trial or other proceedings required for the disposition of the case.
 

 VACATED AND REMANDED.
 

 [1]
 

 . The record submitted to the court does not include a copy of Data Design’s motion for summary judgment. However, the record otherwise indicates that the motion was not based on laches or estoppel. Those defenses were not mentioned in the district judge’s statement quoted
 
 supra.
 
 Also, in the conference which the court held with counsel for both parties to discuss the motion for summary judgment, counsel for Data Design stated that this is not an estop-pel or waiver case, but instead involves whether Broomall’s claim for patent infringement was discharged pursuant to the Bankruptcy Code, 11 U.S.C. § 1141.
 
 See
 
 App. 151. However, nothing in this opinion is intended to preclude Data Design from asserting the defenses of laches and estoppel in the trial of this case.