SETH, Circuit Judge,
dissenting:
I regret that I must dissent from the position taken by the majority on this appeal.
My concern is that we should consider basic issues of due process and statutory requirements as to notice to creditors which have been raised in this appeal rather than to dispose of the case on procedural matters which arose along the way. If the basic issues are not decided, there remain erroneous rulings by the district court as to the debtor’s burden to schedule and notify creditors who are known to the bankruptcy court and the debtor. Thus it appears that the procedural disposition by the majority can be read as a decision by us that the notice issue was correctly decided by the trial court.
The factual context of the notice issue makes it a particularly critical problem. This is for the reason that the existence of the group of unscheduled creditors and the nature of their security fraud claims against the debtor involving funds from bond sales which the debtor received from companies it controlled, was fully described in the motions and claims filed in the bankruptcy court. The problem was thus placed before the bankruptcy judge. It was not an abstract “notice to whom” problem, and in my view it does not matter that much how the claims were filed or by whom.
The failure of the bankruptcy judge to take some action to permit a consideration of the claims should be examined. The bankruptcy judge at least should have extended the bar date for these creditors regardless of the subsequent procedural failures by Mr. Sheftelman. We do not have an academic question of publication of notice in all national corporate cases, but instead an issue as to the avoidance by the trial court and bankruptcy court of a serious fraud challenge from a particular group based on filings in the bankruptcy court and brought to the attention of the courts.
The issue was introduced in the proceedings early on and should not have been eliminated by the sanctions against Mr. Sheftelman by reason of his absence nor by the nature of the submission he made. The application of sanctions as a ground for disposition by the trial court would not seem to remove the creditor-notice issue from the proceedings, nor would an application of technical requirements for filing a claim against creditors who did not have notice remove the problem. Instead the preexisting basic issue of the absolute burden of the debtor to list and to notify “all creditors” and the obligation of the bankruptcy and trial judge to see that the duty was performed both remained unresolved. Mr. Sheftelman was disposed of procedurally but the issues remained unresolved.
Some description of the sequence of events would seem to be useful. The bankruptcy judge knew after the claims Mr. Sheftelman filed on August 30, 1984 that fraud claims were made against these companies in a New Jersey suit. This suit was filed August 8, 1984 or about two months before Standard filed its first plan under Chapter 11. Standard was not a party to the New Jersey suit because of the automatic stay. The claim filed in the bankruptcy suit here concerned made the same *634 fraud allegations as were made in the New Jersey suit. The class action certification was not made in the New Jersey suit until May 1985. The claim was filed after the bar date (June 10) set by the bankruptcy court, but there were proceedings pending in the court on motions for extension of time for proofs and for notice to bondholders. These were pending through January 1985 and March 1985. Mr. Sheftelman had waited some five months after filing his claim to file a motion to extend the bar date. Hearings on pending motions were set for a March 1985 date and this appeal was taken from orders entered thereafter.
The bankruptcy judge had in the Chapter 11 proceedings assertions — the claims of the bondholders against the debtor — from September 1984 to March 1985 as active pending issues. These, as mentioned, asserted that the debtor fraudulently obtained possession of the money these persons had paid for bonds issued by a company over which the debtor had control.
The indenture trustee was responsible for making interest payments to bondholders and had names and addresses. These unscheduled creditors, and there seems to be no serious challenge to classifying them as “creditors” under the “new” definition (Rule 2002(a)), did make known to the court the fact that they did assert securities fraud claims against the debtor, made known their identity as a certain group of bondholders and made known the exact nature of their claims. They should, despite a previously established bar date, be given an opportunity for a further submission of their position. The consequence of the trial court’s rulings is to release the debtor from its burden to list and give notice to its creditors and to permit the ultimate discharge of the debtor without a consideration of unscheduled claims brought before the court and to create serious doubt as to any plan of reorganization and discharge.
The Code, 11 U.S.C. § 521, is very specific in placing a duty on the debtor to file a list of creditors and provide a schedule of liabilities. This is an absolute duty and more than a good faith attempt is required. The definition of a “creditor” has been much expanded, and Rule 2002(a) requires that all creditors must be given notice.
The trial courts here decided that notice need only be given to scheduled creditors. There were thus both statutory and due process problems. See our Reliable Electric Co. v. Olson Const. Co., 726 F.2d 620 (10th Cir.), and Broomall Industries v. Data Design Logic Systems, 786 F.2d 401 (Fed.Cir.).
The Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, considered proper and adequate notice as the essential element in due process examination. This was carried over into bankruptcy proceedings in City of New York v. New York, New Haven & Hartford Railroad Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333.
It is understandable that the debtor would hesitate to send notices to the bondholders here concerned who were asserting fraud claims that involved the debtor. Perhaps it should not be expected that a classification of the bondholders as claimants under these circumstances would be made by the debtor. By reason of the nature of the claims the bankruptcy judge had a greater duty and should have required notice and to have extended the bar date despite the subsequent failings of Mr. Sheftelman. It was then apparent that the debtor had violated the Act in not listing these creditors, and the due process problem was an obvious threat to destroy any plan of reorganization.
I cannot agree with the position taken by the district court and its ruling that known creditors, if originally unscheduled, need not be notified and given a chance to file when they become obvious. The burden must instead be on the debtor to properly schedule and should not be shifted to the creditors. The debtor is receiving the benefits of the proceeding and should comply with the rules or made to comply.
With the failure to conform to the basic requirements and with the due process problems arising from the notice failure, it is difficult to see how the bankruptcy court *635 could approve a plan or to order a discharge which would be effective.
The majority opinion considers only the position of Mr. Sheftelman and examines only the procedural problems and sanctions. I believe we are obligated to consider instead the basic issues.
The class action claims point is a secondary issue to the rule violation and the due process problems. Equally serious problems arise as to whether the class action claims issue is really present on this appeal. It may be a question of law in cases without fundamental problems; however, the district court expressly refused to rule on it and thus the bankruptcy judge’s ruling on the issue was not affirmed.
I would reverse.