**In re AQUAPROOF ROOFING COMPANY, INC., Debtor.**

**Bankruptcy No. 86–2825–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 28, 1990.

Shirley Arcuri, Tampa, Fla., for debtor.

Ernie Lisch, Bradenton, Fla., for creditor, Claflin Garst, Jr.

## ORDER ON APPLICATION FOR ORDER TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter presented for this Court's consideration is an Application for Order to Show Cause, treated as a Motion (Motion) filed by Aquaproof Roofing Company, Inc. (Debtor). The Debtor in its Motion re- quested this Court to issue an Order to Show Cause directing Claflin Garst, Jr. (Mr. Garst) and his attorney, Ernie C. Lisch (Mr. Lisch), to show cause, if they have any, why they should not be held in contempt for violating the discharge provisions of 11 U.S.C. §§ 524 and 1141.

The facts which are relevant to the resolution of the issues raised by the Motion as appear from the record are basically without dispute and are as follows:

On June 19, 1986, before the filing of the Petition initiating this case, the Circuit Court in Manatee County, Florida, entered a final judgment in the amount of $17,-333.84 in favor of Mr. Garst and against the Debtor. On July 2, 1986, the Debtor filed its Voluntary Petition for Relief under Chapter 11 and promptly filed a suggestion of pendency of bankruptcy in the action pending in the Manatee County Circuit Court. The Petition filed by the Debtor was accompanied by a list of the Debtor's twenty largest unsecured creditors. Subsequently, the Debtor filed its complete schedule of liabilities. It is without dispute, however, that neither the list of twenty largest unsecured creditors nor the schedule of liabilities listed Mr. Garst as a creditor. Notwithstanding, Mr. Garst filed a proof of claim against the Debtor on August 20, 1986. Despite this fact, apparently due to an oversight in the office of the Clerk, Mr. Garst was never placed on the mailing matrix, never received any notices concerning any of the the hearings, especially the hearings to consider approval of the Debtor's disclosure statement and, ultimately, no notice of the bar date fixed by the Court for filing claims, to cast a ballot and of the bar date to object to the Plan of Reorganization filed by the Debtor. Neither did he receive a notice of the entry of the Order confirming the Debtor's Plan of Reorganization. It is likewise undisputed that the Plan of Reorganization failed to make any provision to deal with the claim of Mr. Garst. In fact, it was not until the Debtor filed, after the entry of the Order of Confirmation, a complaint to invalidate the lien created by the Circuit Court judgment on the basis that it was a preferential transfer that Mr. Garst learned about the

status of the Chapter 11 case. It must be noted, however, that by this time Mr. Garst was obviously aware of the bankruptcy case, but did not attack the Order of Confirmation by a motion for rehearing or a motion to set aside the Order of Confirmation.

It appears that Mr. Garst did receive a promissory note in the principal sum of $3,466.77 executed by the Debtor pursuant to the provisions of the confirmed Plan. The principal amount of the note represents 20% of Mr. Garst's allowed unsecured claim. The Plan further provided that unsecured creditors who had an allowed claim in an amount less than $15,000 would be paid in a lump sum within 90 days from the date of confirmation, and unsecured creditors with allowed claims in excess of $15,000 would be paid in 48 equal monthly installments beginning 90 days after the date of confirmation. It appears that Mr. Garst received 19 checks, the first on December 14, 1988, in the amount of $72.22 each.

On July 12, 1990 Mr. Lisch notified the president of the Debtor by letter that Mr. Garst considered himself not to be bound by the Debtor's confirmed Plan. The letter also stated that this conclusion was based on a statement made by this Court at the hearing on a motion for summary judgment in the adversary proceeding that Mr. Garst was not bound by the Plan because he never received an official notice at any time in the Chapter 11 case. Based on this proposition, Mr. Lisch informed the Debtor that unless his client was notified otherwise by the Bankruptcy Court, the payments received would be credited toward the total amount of the outstanding judgment of $17,333.84, plus interest at the legal rate accrued since June 19, 1986. (Debtor's Exhibit # 1).

Upon receipt of the letter, the Debtor filed the Motion presently under consideration. In due course, Mr. Garst filed a response to the Motion for Order to Show Cause denying that they willfully violated the permanent injunction embodied in the Order of Confirmation; that they acted in good faith and, therefore, it would be inappropriate to find them in civil contempt.

Basically these are the underlying facts as developed at the hearing based on which it is the contention of the Debtor that Mr. Garst and his lawyer, Mr. Lisch, did violate the provisions of Sections 524 and 1141 of the Bankruptcy Code.

In opposition, Mr. Garst contends that under the applicable and controlling law, he is not bound by the terms of the confirmed Plan, as he did not receive notice as required by law. In any event, Mr. Garst contends that his action which is alleged to be in contempt of a lawful order of this Court, that is, the letter of July 12, 1990 (Debtor's Exhibit # 1) was done in good faith. Therefore, Mr. Garst contends that neither he nor his counsel could be held guilty of civil contempt for willful violation of a lawful order issued by this Court.

■ There is no question that Section 1141 provides, with some exception, that the provisions of a confirmed plan bind a debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor accepted the plan. Section 524 deals with the effect of discharge and provides in pertinent part in subclause (a)(1) that the discharge voids any judgment to the extent the judgment is a determination of the personal liability of the debtor with respect to any debt which is discharged under Section 1141 of the Bankruptcy Code. In turn, subclause (a)(2) of this Section provides that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or act to collect, recover, or offset any such debt as a personal liability of the debtor ..." Section 523(a)(3) which deals with the dischargeability, vel non, of unscheduled debts is also relevant to the matter under consideration. This Section provides, inter alia, that a debt which was neither listed nor scheduled with the name of the creditor in time to permit such creditor to timely file a proof of claim will not be discharged unless the creditor has notice or actual

knowledge of the case in time to timely file a claim.

Courts which have considered this problem in similar settings approached the problem by the application of the principle of due process. In the case of *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), for example, the Supreme Court held that notwithstanding the fact that the City of New York had actual knowledge of the pendency of the debtor's railroad reorganization case, this knowledge did not place a duty on the City of New York to inquire about possible court orders limiting the time for filing claims. The Court rejected the argument that a notice by publication was an acceptable type of notice and concluded that even creditors who have actual knowledge of the pendency of the case have a right to assume that they will be given reasonable notice. The Court also noted that the statutory command for notice embodies a basic principal of justice that everybody must be given a reasonable opportunity to be heard before a judicial denial of a claimed right of a party.

The 10th Circuit Court of Appeals in the case of *Reliable Elec. Co., Inc. v. Olson Cons. Co. (In re Reliable Elec. Co.)*, 726 F.2d 620 (10th Cir.1984), consistent with the Supreme Court view, held that to discharge a claim of a creditor in a reorganization case without reasonable notice of confirmation is a plain violation of the Fifth Amendment. Although the creditor in *Reliable Electric* had knowledge of the pendency of the case, he was not bound by the plan. Therefore the plan had no legal affect on his claim, and the claim was not discharged pursuant to Section 1141 of the Bankruptcy Code. In the case of *Broomall Industries, Inc. v. Data Design Logic Systems*, 786 F.2d 401 (Fed.Cir.1986), the Court held that even if the creditor had actual notice of the bankruptcy case, that fact would not have obviated the necessity for service of formal notice on the creditor nor would it have validated the discharge of the creditor's claim as a result of the order confirming the plan of reorganization. *Id.*, at 405.

In this particular instance, the fact that Mr. Garst filed a proof of claim and knew about the pendency of the Chapter 11 case is really of no consequence. The Debtor was certainly aware of the claim represented by the judgment obtained by Mr. Garst, since it is without dispute that counsel for the Debtor in fact filed a suggestion of pendency of bankruptcy in the Manatee County Circuit Court. Mr. Garst was deprived of the opportunity to participate in the very essence of the reorganization process, deprived of the right to be heard on the Debtor's disclosure statement and, most importantly, deprived of the right to challenge the Plan of Reorganization which was ultimately confirmed. Thus, based on the authorities cited above, this Court has no choice but to conclude that Mr. Garst was not bound by the terms of the confirmed Plan and thus did not violate the permanent injunction provided for by Section 524(a)(2). Moreover, even assuming Mr. Garst and his counsel violated the permanent injunction imposed by Section 524(a)(2), such violation was not willful. The letter written by Mr. Lisch was not only well supported by the controlling legal principles discussed above, but was also supported by this Court's prior statements at the hearing on the motion for summary judgment that Mr. Garst was not bound by the terms of the confirmed Plan, not having received the required notices.

The Debtor's reliance on the case of *In re Alton*, 837 F.2d 457 (11th Cir.1988) furnishes scant, if any, support for the proposition urged by counsel for the Debtor. In *Alton* the creditor was never listed and for this reason neither the creditor nor his counsel received notice of either the date for the meeting of creditors or the bar date fixed for filing complaints pursuant to Section 523(c) of the Bankruptcy Code to challenge the dischargeability of the debt owed by Mr. Alton to the creditor. In *Alton* the plan was ultimately confirmed. The creditor did not file a complaint pursuant to Section 523(c) of the Bankruptcy Code within the time provided by Bankruptcy Rule 4007. After the expiration of the time to file dischargeability complaints, the creditor sought an extension of time to file a

complaint. The motion for extension of time was denied by this Court. On appeal, the District Court and the 11th Circuit Court of Appeals affirmed, holding that since the creditor had received actual notice of the debtor's Chapter 11 case and learned about the pendency of the case within sufficient time to allow the creditor to file a dischargeability complaint under Section 523(c), a denial of his motion to extend time was not in error. The creditor in *Alton* lost the right to file a claim not because of lack of notice, but because of his failure to exercise a right given by statute to file a complaint challenging the dischargeability of a debt.

In the instant case Mr. Garst was never given an opportunity to exercise any right, having been completely excluded from the entire reorganization process certainly not because of his doings but because of the neglect and omission of counsel for the Debtor who, well knowing of the existence of the judgment in favor of Mr. Garst, failed to schedule Mr. Garst as a creditor. While it is true that the Office of the Clerk also failed to comply with an elementary rule which is to supplement the matrix and place the name of a creditor who files a proof of claim on the mailing matrix, this failure does not change the result and should not furnish any assistance or help to the Debtor.

Based on the foregoing, this Court is satisfied that there was no knowing and willful violation of a lawful order of this Court, simply because the Order of Confirmation in this case is not binding on Mr. Garst as he did not receive notice as required by statute and Bankruptcy Rule 2002(b)(1) and (2).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to hold Claflin Garst, Jr. and his counsel, Ernie C. Lisch, in contempt for violating the discharge provisions of Sections 524 and 1141 be, and the same is hereby, denied.

DONE AND ORDERED.