In re **RIVERCHASE APARTMENTS, L.P.**, a Tennessee Limited Partnership, Debtor.

**RIVERCHASE APARTMENTS, L.P.**, a Tennessee Limited Partnership, Plaintiff,

v.

**CAMPBELL COUNTY, COMMONWEALTH OF KENTUCKY**, Defendant.

Bankruptcy No. 93–03627.
Adv. No. 94–0412A.

United States Bankruptcy Court, M.D. Tennessee.

May 10, 1993.

Edward T. Brading, Gullett Sandford Robinson & Martin, Nashville, TN, for debtor-in-possession.

James D. Lane (Local Counsel), Jennings Lane & Ramer, Nashville, TN, Paul H. Twehues, Twehues & Verst, Newport, KY, for Campbell County, Com. of Ky.

MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

## I. Introduction

On May 19, 1995 a trial was held on the adversary complaint for declaratory judgment filed by Riverchase Apartments, L.P., a Tennessee Limited Partnership ("Debtor"), against Campbell County, a political subdivision of the Commonwealth of Kentucky. Debtor's complaint sought a judicial determination on the nature and extent of the claim of Campbell County with respect to certain prepetition ad valorem taxes which remain unpaid by the debtor. For the reasons set forth herein, the Court finds that Campbell County's claim is unsecured, and that it is held to the treatment it was afforded under the debtor's confirmed Chapter 11 Plan. The following constitutes the Court's findings of fact and conclusions of law. FED. R.BANKR.P. 7052.

## II. Facts

The parties stipulated at trial to the following:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 502, 506, 1141, and 28 U.S.C. §§ 157, 1334, and 2201. This adversary proceeding is a core proceeding, is related to the captioned bankruptcy case and is for the purpose of determining a question of actual controversy between the parties.

2. Riverchase Apartments, L.P., the plaintiff ("Riverchase"), owns, among other things, the Riverchase Apartments in Newport, Campbell County, Kentucky. The land and improvements that are the Riverchase Apartments are subject to real property taxes owing to the defendant, Campbell County, Commonwealth of Kentucky ("Campbell County").

3. On January 31, 1989, Riverchase, then known as YTC Apartments, Ltd., filed a voluntary petition for relief under chapter 11 of title 11, United States Code, with this Court. That bankruptcy case was known as *In re YTC Apartments, Ltd.*, No. 389-00694.

4. Campbell County filed a proof of claim in *In re YTC Apartments, Ltd.*, for $148,-003.08. According to the proof of claim, this amount represented real property taxes owing for 1986, 1987, and 1988, plus penalties, fees and interest, calculated through February 28, 1989. Campbell County's total claims in *In re YTC Apartments, Ltd.* did not exceed $187,050.33 which is the amount represented by Campbell County's proof of claim plus $39,-047.25, which was the base amount of real property tax for 1989. Campbell County voted against Riverchase's proposed reorganization plan in *In re YTC Apartments, Ltd.*

5. Riverchase's proposed plan of reorganization was confirmed in *In re YTC Apartments, Ltd.*, on September 20, 1989. The effective date of the reorganization plan was November 6, 1989.

6. Pursuant to the terms of the reorganization plan in *In re YTC Apartments, Ltd.*, Campbell County was to have its claim, as allowed, paid in full over six years in equal quarterly installments of principal and interest. The installments payments were to begin 90 days after the effective date of the plan. The interest rate on Campbell County's claim, computed pursuant to the plan, was 10.25%.

7. Pursuant to the terms of the reorganization plan confirmed in *In re YTC Apartments, Ltd.*, Riverchase began making the required quarterly installment payments, in the amount of $10,530.86 each. Checks for these installments payments were made payable to and mailed to the Campbell County Clerk as required by Kentucky statutory law. Riverchase made eight of the required instalment payments.

8. A Final Decree was entered in *In re YTC Apartments, Ltd.* on October 19, 1992.

9. Riverchase paid in full the real property taxes owing to Campbell County for 1990 and 1991.

10. On May 10, 1993, Riverchase filed its voluntary petition for relief that commenced the captioned bankruptcy case. Counsel for Riverchase mailed a certified copy of the petition to the Campbell County Clerk on May 20, 1993. The copy was mailed to the following address:

> Campbell County Clerk
> 4th & York Streets
> Newport, KY 41071

The copy was received by the Campbell County Clerk. It was lodged and recorded in his office in Newport on May 24, 1993, at Book 193, page 374.

11. Campbell County appears in Riverchase's schedules in the captioned bankruptcy case as the holder of an unsecured, nonpriority claim for $136,814.08. This sum represents the unpaid portion of Campbell County's total claim allowed in *in re YTC Apartments, Ltd.* Campbell County did not file a proof of claim in the captioned bankruptcy case as a result of its contention that no notice was received.

12. The following name and address appear on the mailing matrix of creditors in the captioned bankruptcy case:

Campbell County
Campbell County Clerk
Fourth & York Streets
Newport, KY 41071

The Campbell County Clerk's office is at this address.

13. Riverchase's proposed plan of reorganization in the captioned bankruptcy case was confirmed on December 15, 1993. The effective date of the reorganization plan was February 1, 1994.

14. Under the reorganization plan in the captioned bankruptcy case, the holders of unsecured, nonpriority claims, in full settlement, satisfaction, and discharge of those claims, as allowed, are to be distributed $40,000 on the effective date of the plan, *pro rata* based upon the allowed amounts of their respective claims.

15. Campbell County's *pro rata* portion of the $40,000.00, based on the scheduled amount of $136,814.08, is $27,561.26.

16. Campbell County, through the County Attorney, has filed suit to collect taxes allegedly owing on Riverchase Apartments for 1988, 1989, and 1992. Madison Service Corporation, a defendant in that lawsuit and a mortgage holder, has filed an answer and cross-claim against Riverchase.

17. The parties hereto stipulated to the authenticity and admissibility of Plaintiff's Exhibits A–J.

At trial, plaintiff's Exhibits A–W[1] were admitted into evidence, and defendant introduced Exhibits 1–5[2] without objection. Only one witness, a paralegal at counsel for debtor's firm, was called at trial. The paralegal testified that she personally mailed all relevant notices to Campbell County to the "Fourth & York" address as listed on the mailing matrix, and that she did not receive any of the notices back as undeliverable or returned, but that she did not check to ensure that the address as listed on the matrix was that of Campbell County.

The issue presented for determination before the Court is whether Campbell County is bound by the terms of the confirmed plan in the above-captioned bankruptcy case given Campbell County's contention that it did not

1. Defendant's Exhibits were as follows:
A  Debtor's First Requests for Admission to Campbell County
B  Debtor's First Interrogatories and First Requests for Production of Documents to Campbell County
C  Defendant's Answers to Requests for Admission
D  Defendant's Answers to Interrogatories
E  Defendant's Supplemental Answer to Interrogatories
F  Debtor's Second Request for Admission, Second Interrogatories and Second Request for Production of Documents to Campbell County
G  Debtor's Second Request for Admission, Second Interrogatories, and Second Requests for Production of Documents to Campbell County
H  Voluntary Petition
I  Reorganization Plan confirmed in *In re YTC Apartments, Ltd.*
J  Depositions of Kenneth R. Paul, Vicki Lynn Thornberry, Jack Snodgrass, and Justin Verst
K  Riverchase Apartments L.P. Mailing Matrix of Creditors
L  Notice of Commencement of Case Under Chapter 11 of the Bankruptcy Code Meeting of Creditors, and Fixing Dates
M  Notice of Amendment to Notice of Commencement of Case
N  Certificate of Mailing filed July 28, 1993 with exhibits
O  Certificate of Mailing with Notice to Creditors and Other Parties in Interest, September 3, 1993   .

P  Notice to Creditors and Other Parties in Interest, September 10, 1993
Q  Certificate of Mailing filed October 21, 1993
R  Certificate of Mailing filed November 5, 1993
S  Certificate of Mailing filed December 20, 1993
T  Copy of Docket Sheet in *In re Riverchase Apartments, Ltd.* printed May 17, 1995
U  Complaint in *Commonwealth of Kentucky v. Riverchase Apartments, Ltd.* No. 95–CI–00266
V  Answer and Cross–Claim in *Commonwealth of Kentucky v. Riverchase Apartments, Ltd.* No. 95–CI–00266
W  Certificate of Mailing filed May 27, 1993

2. Plaintiff's Exhibits 1–5 were as follows:

1  Defendant's Answers to Request for Admissions
2  Defendant's Answers to Interrogatories
3  Defendant's Supplemental Answers to Interrogatories
4  Defendant's Second Request for Admissions, Second Interrogatories and Second Request for Production of Documents to Campbell County and Defendant's Answers thereto
5  Defendant Asked the Court to take Judicial Notice of any and all statutes of the Commonwealth of Kentucky, Kentucky Rules of Civil Procedure and Federal Rules of Civil Procedure.

receive notice of this case until well after confirmation.

### III. Discussion

Section 1141(d)(1)(A) provides that confirmation of a Chapter 11 reorganization plan "discharges the debtor of any such debt that arose before the date of such confirmation".... 11 U.S.C. § 1141(d)(1)(A). Section 1141 does not however, take into account the Code's notice requirements. For example, Rule 2002(a)(8) provides that the court must give "all creditors ... not less than 20 days notice by mail of ... the time fixed for filing proofs of claims." FED.R.BANKR.P. 2002(a)(8). The exhibits entered into evidence show that Campbell County was sent notice of the filing of the petition, meeting of creditors, fixing dates, the order approving the disclosure statement, a copy of the proposed Chapter 11 plan, the order of confirmation, and various other notices of other proceedings, all of which were addressed to Campbell County at the "Fourth & York" address.

■ "[D]ue process prevents section 1141 from being read to extinguish [a creditor's] claims" when the creditor receives insufficient notice in a bankruptcy proceeding. *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir.1989) (no discharge where creditor did not get notice of claims bar date); *see also United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089–91 (6th Cir.1990) (failure of the bankruptcy rules to provide relief for creditors who receive no notice of a bankruptcy cannot deprive a creditor of its substantive rights); *Broomall Industries Inc. v. Data Design Logic Systems, Inc.*, 786 F.2d 401, 405–06 (Fed.Cir.1986) (no discharge where no formal notice of bankruptcy proceeding); *Reliable Electric Co. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir.1984) (creditor not bound by reorganization plan

where creditor did not receive statutory notice of confirmation hearing).

■ The "focus of due process is on the duty of the debtor to give notice of the relevant dates, not on the relative ease with which a creditors can obtain the information without such notice." *In re Interstate Cigar Co.*, 150 B.R. 305, 309 (Bankr.E.D.N.Y.1993). Due process requires that actual written notice of a debtor's bankruptcy filing and bar date be provided to "known creditors." *New York v. New York, N.H & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *Chemetron Corp. v. Jones (In re Allegheny Intern. Inc.)*, 170 B.R. 83, 87 (W.D.Pa.1994). A "known creditor" is one whose identification as such is either known or "reasonably ascertainable by the debtor." *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347–48, 99 L.Ed.2d 565 (1988). There is no question in this case that Campbell County was a "known creditor."

■ To comply with the requirements of due process, the debtor is not required to conduct an "impractical and extended" search for all creditors and their addresses. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317–18, 70 S.Ct. 652, 658–59, 94 L.Ed. 865 (1950). However, if the creditor is a known entity to the debtor, the notice must be reasonably calculated to apprise the creditor of the pendency of the bankruptcy proceeding and give the creditor an opportunity to object or otherwise respond. The Court concludes that the debtor met that burden.

■ Whether Campbell County received sufficient notice is a matter of constitutional principles of due process.[3] *Mullane* does not require the very best method of service of process, only notice that is reasonably calculated to reach the interested party. *Credi-*

---

**3.** Campbell County argues that Kentucky Rule of Civil Procedure 4.04 governs the method of service of process upon Campbell County as a political subdivision of the Commonwealth of Kentucky. Specifically, Campbell County asserts that Kentucky Rule of Civil Procedure 4.04, which requires service on a County be made upon the County Judge or in his absence the County Attorney, is made applicable to these proceedings through Federal Rule of Bankruptcy Procedure 7004. While Rule 7004 would govern an adversary proceeding, it has no application to the notice served relevant to the bankruptcy petition and confirmation process. Accordingly, the Court judges whether Campbell County had proper notice by reference to constitutional principles of due process, not by the technical reading or interpretation of a local or bankruptcy rule.

tors Committee of Park Nursing Center Inc. v. Samuels (In re Park Nursing Center, Inc.), 766 F.2d 261, 263–64 (6th Cir.1985). The debtor sent notice of the commencement of the case, meeting of creditors, the hearing on the disclosure statement and plan, and all other events leading up to confirmation, and the order confirming the plan to the Clerk of Campbell County. That fact is not in dispute. The depositions of several members of the County Clerk's Office in Campbell County revealed that any notice relating to a bankruptcy filing would simply have been recorded in the proper location to reflect such a filing relative to the affected parcel of realty. However, no effort was made, according to Clerk's Office employees, to alert any other official of the receipt and filing of such notice.

■■■ Once the notice was received by the Campbell County Clerk, delivery to the appropriate person within the County system was the responsibility of the Campbell County Clerk's Office. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Broadhead, 155 B.R. 856 858–59 (S.D.N.Y.1993) (no statutory or constitutional requirement that one identify the specific division of a company on a bankruptcy notice—once delivered creditor is responsible to distribute notice to appropriate party within its organization); In re American Properties, Inc., 30 B.R. 239, 243 (Bankr.D.Kan.1983) ("where an addressee is a well-known public entity or business, a more general and less definite address or designation has been required"). The Campbell County Clerk's Office was the entity to which counsel for Campbell County directed that payments under the 1989 YTC confirmed Plan be mailed to and administered. Kentucky statutory law plainly provides that the County Clerk's Office is the appropriate party to pay delinquent taxes, and furthermore, that payment information is to be passed on to other taxing officials within the government by the Clerk's Office:

134.480 **Who may pay the delinquency; assignment; clerk to receive and record payments; records as evidence**

(1) The delinquent taxpayer or any person owing or having a legal or equitable interest in real property covered by a certificate of delinquency may at any time pay the total amount of the certificate ... when the state, county, or taxing district was the purchaser....

(2) The county clerk may receive payment of the amount due on the certificates of delinquency owned by the state, county and taxing districts, and he shall give receipt to the payor and make a report to the Revenue Cabinet, the county treasurer, and the proper officials of the taxing districts as often as such units may require, and not less than once in every thirty (30) days.

K.R.S. § 134.480 (1994). The County Attorney is simply one entity to whom the County Clerk's Office should have given notice of payment information, and in this case, the filing of bankruptcy.

■■ Campbell County's assertion that the proper address for service of process was the County Judge, or in his absence the County's Attorney's Office ("331 York Street"), is not persuasive. While it may have been the ideal address for Campbell County to receive notice as far as distributing notice to the proper party within the County system, it was not the only address upon which the debtor could serve notice which was reasonably calculated to apprise Campbell County of the pendency of this bankruptcy. In essence Campbell County is arguing that it did not receive notice because the County did not pass on the notice to its legal counsel. Such a result is simply not acceptable. "A creditor may chose to organize its business by dividing activities into various departments, [but] it may not use that method of operation as a shield against notice properly sent to the creditor in its name and place of business." Worthing v. Connecticut National Bank (In re Worthing), 24 B.R. 774, 776 (Bankr.D.Conn 1982); see also Bucyrus Constr. Products, Inc. v. McGregor, 113 B.R. 56 (Bankr.M.D.Ala.1989) aff'd 898 F.2d 159 (11th Cir.1990) (the failure of the debtor to list a division of a creditor so that the Clerk's office would send specifically to that division did not render notice to the correct entity defective).

The Court finds that service upon the County Clerk's Office was notice reasonably

calculated to apprise Campbell County of the pendency of the present bankruptcy petition and afforded Campbell County with an opportunity to object or otherwise respond. The failure of the Clerk's Office in Campbell County to act upon such notice by distributing it to its legal counsel or otherwise responding is not the fault of the debtor. The debtor's responsibility was not for the best method of notice, but only reasonable notice.

## IV. Conclusions

The Court hereby finds in favor of the debtor in this declaratory judgment action. The debtor's confirmed Plan of Reorganization treats Campbell County as a general, nonpriority unsecured creditor entitled to its pro rata share of a $40,000 distribution on the effective date of the Plan. Campbell County's pro rata share of that distribution is $27,561.26. The Court finds that Campbell County is bound by the terms of debtor's confirmed Chapter 11 Plan pursuant to 11 U.S.C. § 1141.