OPINION
This appeal is brought from a judgment of the Court of Common Pleas of Mercer County dismissing a third-party complaint filed by Appellant, Springboro Community School District (hereinafter referred to "Springboro"), pursuant to Civ.R. 12(B)(6). Finding merit to the arguments advanced on appeal, we reverse the judgment of the trial court.
The following is a brief synopsis of the relevant facts and procedural history of this case:
 On June 30, 1998, Plaintiff, Dugan Meyers Construction Company, filed a complaint against Springboro and others for breach of contract arising out of the construction of the new Springboro High School. In June of 1999, the trial court granted Springboro leave to file a counterclaim and a third party complaint against several entities, including ATEC Associates, Incorporated (hereinafter referred to as "ATEC"). ATEC conducted a geo-technical investigation on the site for the new school. In its complaint, Springboro alleged that it was entitled to indemnification from ATEC in the event that the trial court found a breach of the aforementioned construction contract.
Shortly after the filing of Springboro's third-party complaint, ATEC filed a "Notice of Bankruptcy and Automatic Stay of Proceedings" to notify the court that it had filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 26, 1999, in the United States Bankruptcy Court for the Southern District of New York. As a result of the bankruptcy proceedings, the trial court stayed Springboro's claim against ATEC until further notice.
Although the record reflects that Springboro had general knowledge of the bankruptcy, it is undisputed that Springboro was not provided with formal written notice of the deadline upon which to file a proof of claim because ATEC failed to list Springboro as a creditor. Consequently, Springboro did not take the necessary steps to preserve its claim during the reorganization.
On May 10, 1999, ATEC filed another notice regarding the bankruptcy proceedings, this time informing the trial court that the corporation had emerged from bankruptcy and that the federal court confirmed the Chapter 11 reorganization plan. ATEC then filed a motion to dismiss on May 15th, arguing that since Springboro failed to preserve its claim as a creditor in the federal court, the instant pre-petition lawsuit was no longer viable. Springboro filed a response in opposition asserting that the suit should continue since it was not provided adequate notice of the deadline upon which to file a proof of claim in the federal court. In a judgment entry filed on July 19, 2000, the trial court agreed with ATEC, and dismissed Springboro's claim. This timely appeal followed.
Prior to reaching the merits of Springboro's arguments, we are compelled to address an apparent procedural defect presented by this case. Although ATEC's motion to dismiss fails to specify under which subsection of Civ.R. 12(B) it was brought, we discern that the motion could only be brought pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. With regard to this type of motion, we observe that Civ.R. 12(B) provides, in relevant part:
 * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * * All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
The Supreme Court of Ohio has held that in the event that a court must consider matters outside the pleadings in order to rule on the pending motion, the court must convert the motion to one for summary judgment and provide notice to all parties of its intention to do so. Petrey v. Simon
(1983), 4 Ohio St.3d 154, paragraph one of the syllabus.
Herein, it is obvious that the trial court relied upon matters beyond the face of the complaint to determine that the failure to file a proof of claim in the bankruptcy court precludes the continuation of Springboro's lawsuit against ATEC. It is also clear that the court reached this decision without affording the parties with notice of its intention to treat the motion to dismiss like a motion for summary judgment. While in many cases this failure to notify warrants an automatic reversal, we find the trial court's action in this case to be harmless error. See generally, Ins. Co. of N. Am. V. Reese Refrig.
(1989), 89 Ohio App.3d 787.
We first note that neither party has claimed prejudice from the error by raising the issue on appeal. We also find it significant that the facts surrounding this matter are not in dispute. Springboro admits that it had general knowledge of the bankruptcy proceeding, while ATEC concedes that Springboro was not afforded formal notice of the deadline upon which to file a proof of claim due to the failure to list the school district as a creditor. Thus, the motion to dismiss presented a straightforward legal issue, i.e., whether formal notice of a Chapter 11 bankruptcy is required before a pre-petition creditor will be bound as to the effects of a reorganization plan. In the event of a reversal on this procedural defect, it is doubtful that the parties would have reason to provide the court with traditional summary judgment materials such as depositions or affidavits. The trial court gave the parties the opportunity to file extensive briefs on the bankruptcy issue, and clearly considered the legal arguments asserted by both sides in ruling on the motion. For these reasons, we conclude that any error stemming from the failure to formally convert the motion and provide the parties with adequate notice is harmless.
We now turn to discuss the merits of the two assignments of error Springboro has asserted. Since both arguments raise similar issues for our review, we have elected to address Springboro's assignments of error together:
 I. The trial court committed legal error in granting * * * ATEC's motion to dismiss based upon its flawed Chapter 11 Bankruptcy Reorganization because ATEC knowingly failed to cause constitutionally adequate notice to be accorded * * * Springboro * * * in the course of ATEC's bankruptcy proceedings.
 II. The trial court committed legal error in misapplying the provisions of 11 United States Code, Section 523 to the corporate Chapter 11 Bankruptcy of ATEC because this statute is unequivocally directed to personal individual Chapter 11 bankruptcies only, and does not apply to ATEC as a corporate entity.
All debtors involved in a bankruptcy proceeding, regardless of the chapter under which a petition for relief is filed, are required to file a list of all creditors. 11 U.S.C. § 521 (1). Title11 U.S.C. § 523(a)(3) further states:
 A discharge under section * * * 1141 [Chapter 11 of the Code] * * * does not discharge an individual debtor from any debt —
 (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, * * *
 (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing * * *. [emphasis added]
This section provides that a debtor may not be discharged in bankruptcy if it fails to list a known creditor, except in cases where the creditor obtained notice or actual knowledge of the proceedings within enough time to preserve its rights in the federal court. In its decision to grant ATEC's motion to dismiss, the trial court found, under 11 U.S.C. § 523
(a)(3), that Springboro was bound by the effects of the reorganization plan because, even though it had knowledge of the on-going proceedings, it failed to preserve its rights in the bankruptcy court by filing a proof of claim.
We find a fatal flaw in the trial court's reasoning. The plain language of Section 523 indicates that it applies to individual debtors only. Relevant federal case law similarly interprets this section of the Bankruptcy Code. "A corporate debtor is not an individual debtor for purposes of Section 523." In re Spring Valley Farms, Inc. 863 F.2d 832,834 (C.A. 11 1989). See also, Yamaha Motor Corp. v. Shadco, Inc.762 F.2d 668, 670 (C.A. 8 1985) (holding that the application of Section 523 to a corporate debtor would render the legislature's exclusive use of the term "individual" meaningless.) Therefore, the trial court incorrectly utilized 11 U.S.C. § 523(a)(3) as a basis for its decision to grant ATEC's motion to dismiss.
Since we have found that ATEC cannot prevail under the aforementioned statutory provision, we must move on to address Springboro's assertion that the trial court erred in dismissing its claim against ATEC because the lack of formal notice of the bankruptcy proceedings cannot, as a matter of law, bind Springboro to the effects of the reorganization plan. Bankruptcy Rule 3003(c) governs the filing of a proof of claim in a Chapter 11 reorganization case. The rule provides that the court "shall fix * * * the time within which proofs of claim or interest may be filed." Bankruptcy Rule 2002 states that the "clerk of court shall give all creditors at least 20 days notice by mail of: * * * (7) the time fixed for filing proofs of claims under Rule 3003(c)."
Notwithstanding these rules, the language contained in11 U.S.C. § 1141 appears to suggest that, regardless of whether adequate notice was provided to a creditor, all claims are to be discharged once the court confirms a plan for reorganization. It is an accepted rule of law, however, that "* * * Fifth Amendment due process considerations take precedence over the discharge provisions of Section 1141 * * *, in cases where the debtor has knowledge of claims and fails to inform claimants of the pendency of the proceedings." BroomallIndustries, Inc. v. Data Design (C.A. Fed. 1986), 786 F.2d 401, 403. Most significantly, informing a claimant of the pendency of a Chapter 11 proceeding requires formal written notice. "A creditor's knowledge that a reorganization of the debtor has taken place does not substitute for mailing notice of a bar date for filing proofs of claim." In re YoderCo. (C.A. 6 1985), 758 F.2d 1114. See also, In re Trans World Airlines,Inc. (C.A. 3 1996), 96 F.3d 687, 690; Broomall, supra, 786 F.2d at 403;In re Unioil v. Unsecured Creditors Committee (C.A. 10 1991), 948 F.2d 678;Reliable Electric Co. v. Olson Construction Co. (C.A. 10 1984),726 F.2d 620; But see, In re Green (C.A. 10 1989), 876 F.2d 854, holding that formal notice is not required to bind a creditor to the effects of a discharge under Chapter 7 if the creditor had actual knowledge of the proceedings in time to be able to file a proof of claim.
Thus, contrary to ATEC's argument, actual or inquiry notice does not divest a Chapter 11 debtor of its duty to provide a creditor with formal notice of the proceedings before a claim can properly be discharged. "As specifically applied to bankruptcy reorganization proceedings, * * * a creditor, who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action. The creditor has a `right to assume' that he will receive all of the notices required by statute before his claim is forever barred." New York v. NewYork, New Haven Hartford R.R. Co. (1953), 344 U.S. 293, 297,73 S.Ct. 299, 301, 97 L.Ed. 333. Although it is true that the New York Court interpreted bankruptcy laws that have since been repealed, "[t]he language [in that case] clearly is not grounded in goals unique to the former bankruptcy act. The Court's emphasis on notice and opportunity to be heard underlies a due process concern." In re Spring Valley Farms,Inc. (C.A. 11 1989), 863 F.2d 832, 835.
For these reasons, we find that the trial court erred in dismissing Springboro's claim against ATEC upon confirmation of the reorganization plan since the undisputed facts demonstrate that Springboro was not provided the requisite notice of the bankruptcy proceedings. Accordingly, Springboro's first and second assignments of error are sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and remanded for further proceedings.
 ______________________ WALTERS, J.
 HADLEY, P.J., and SHAW, J., concur.