BARRETT, Circuit Judge.
 

 Reliable Electric Company (Reliable), the debtor, appeals from a final order of the federal district court affirming a decision of the United States Bankruptcy Court for the District of Colorado that the prepetition unsecured claim of Olson Construction Company (Olson), the creditor, is not subject to Reliable’s confirmed Plan of Reorganization. The bankruptcy court found that although Olson possessed actual knowledge of the reorganization proceeding in general, it did not receive adequate notice of the con
 
 *621
 
 firmation hearing. Thus, Olson’s claim was found not to be discharged pursuant to the provisions of the Plan as provided by 11 U.S.C. § 1141. The pertinent facts are undisputed, but a detailed presentation of them is necessary to adequately address the question before us.
 

 Between June, 1979, and December, 1979, Reliable was the electrical subcontractor on a construction project; Olson was the general contractor. On December 26,1979, Reliable withdrew from the project because it felt Olson had breached the subcontract. On January 30, 1980, Reliable filed a petition for voluntary Chapter 11 reorganization in the United States Bankruptcy Court. Reliable filed a schedule of creditors on February 14,1980, and amended that schedule on August 28, 1980. Within the schedule, Olson was listed under “Accounts Receivable,” but never as a “Creditor.”
 

 Sometime between January, 1980, and November, 1980, Jon Clarke, Reliable’s attorney, telephoned Charles H. Haines, Jr., Olson’s attorhey, and informed Mr. Haines that Reliable had instituted Chapter 11 proceedings. However, Olson did not receive
 
 any
 
 further information from Reliable concerning the proceedings. On November 9, 1980, Reliable filed suit against Olson in Colorado State District Court seeking damages for breach of the subcontract. On or about December 16, 1980, Olson removed the cause to federal bankruptcy court. Thereafter, on December 28, 1980, Olson responded to Reliable’s complaint through an Answer and Counterclaim for damages based upon Reliable’s alleged prepetition breach of the subcontract.
 

 On January 6, 1981, Reliable filed its Third Amended Plan of Reorganization. The Disclosure Statement attached to this Plan stated that both documents were sent to all of Reliable’s known creditors.
 
 [1]
 
 On January 13, 1981, the bankruptcy court mailed a notice to the scheduled creditors informing them of the time for filing acceptances or rejections of the Plan, of the confirmation hearing, and of the time for filing objections to confirmation. The confirmation hearing was conducted on March 9, 1981, after which the court entered an order confirming Reliable’s Third Amended Plan. On March 12, 1981, the court mailed to the scheduled creditors notice of the confirmation order and discharge of Reliable. Because Olson was not a scheduled creditor, it did not receive any of these notices.
 
 [2]
 

 On August 6, 1981, trial was held on the subcontract dispute between Reliable and Olson. On August 10,1981, the bankruptcy court entered judgment dismissing Reliable’s complaint and granting Olson recovery against Reliable in the amount of $10,-378.00. Reliable then filed a claim in the Chapter 11 proceeding on behalf of Olson for $10,378.00 pursuant to Bankruptcy Interim Rule 3004. Reliable also filed a motion in the same proceeding to allow the claim of Olson. Further, Reliable filed a motion in the subcontract litigation to amend the judgment, requesting that the court specifically find the $10,378.00 judgment for Olson be determined a prepetition debt subject to compromise and payment as a general unsecured claim under the confirmed Plan of Reorganization and, thus, subject to discharge. The bankruptcy court issued an order, containing findings of fact and conclusions of law, denying Reliable’s motions. The court found that because Reliable failed to schedule Olson as a creditor and failed to notify Olson of the confirmation hearing and because Olson’s claim would be substantially impaired without due process of law if it were forced to comply with the Plan, Olson’s claim was not
 
 *622
 
 subject to the confirmed Plan and, therefore, not discharged. The district court denied Reliable’s petition for review of the bankruptcy court’s ruling.
 

 The issues on appeal are (1) whether Reliable’s failure to give Olson reasonable notice of the bankruptcy confirmation hearing constituted a denial of due process, and (2) if we find a denial of due process, whether the district court erred by finding Olson’s claim not to be subject to the Plan and, thus, not dischargeable.
 

 I.
 

 11 U.S.C. § 1128(a) provides: “After notice, the court shall hold a hearing on confirmation of a plan.” This section requires notice to be given to all parties in interest. 5 Collier on Bankruptcy Para. 1128.01[2] (15th ed. 1988). After Olson filed the counterclaim against Reliable on December 23, 1980, Reliable was put on notice of Olson’s status as a potential creditor. Despite this, no formal notice of any kind regarding the reorganization proceedings, or the time and manner of filing a claim, was ever given to Olson prior to the confirmation hearing. The apparent notice given to Olson prior to the counterclaim filing was inadequate notice of the confirmation hearing.
 
 [3]
 
 Although Olson’s attorney was generally aware of Reliable’s involvement in reorganization proceedings, Olson was essentially denied the opportunity to be heard at the confirmation hearing.
 

 The Supreme Court has repeatedly held that “[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.”
 
 Mullane v. Central Hanover Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citing
 
 Milliken v. Meyer,
 
 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940);
 
 Grannis v. Ordean,
 
 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914);
 
 Priest v. Las Vegas,
 
 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914);
 
 Roller v. Holly,
 
 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900)). As specifically applied to bankruptcy reorganization proceedings, the Court has held that a creditor, who has general knowledge of a debtor’s reorganization proceeding, has no duty to inquire about further court action. The creditor has a “right to assume” that he will receive all of the notices required by statute before his claim is forever barred.
 
 New York v. New York, New Haven & Hartford R.R. Co.,
 
 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).
 
 See also In re Intaco Puerto Rico, Inc.,
 
 494 F.2d 94, 99 (1st Cir. 1974);
 
 In re Harbor Tank Storage Co., Inc.,
 
 385 F.2d 111, 115 (3d Cir.1967). Thus, Olson acted reasonably when it expected the same formal notice of the confirmation hearing which was sent to other identifiable creditors. Inasmuch as Olson was deprived of the opportunity to comment on Reliable’s Third Amended Plan of Reorganization, it was denied due process of law.
 

 II.
 

 Reliable’s primary contention is that, even if Olson was not given the requisite notice, Olson is still subject to the confirmed Plan as are all of the other creditors. Reliable argues that 11 U.S.C. § 1141(d) discharges
 
 all
 
 claims, whether a proof of claim has been filed, whether such claim is allowed, or whether the claimholder has accepted the plan.
 
 [4]
 
 Further, Reliable contends that an “all-encompassing” discharge is necessary to meet the purpose of reorganization to give the debtor a “fresh start.” Thus, Reliable - urges that the only remedy
 
 *623
 
 available to Olson is to file a late claim under the confirmed Plan.
 

 Sections 1141(c) and (d) ostensibly allow
 
 any
 
 claim to be discharged even though the claimholder has not received notice of the proceeding or of the confirmation hearing. However, we hold that notwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution.
 
 See
 
 5 Collier on Bankruptcy Para. 1141.01[b], at 1141-12. In our view, this holding is supported by the Supreme Court’s decisions in
 
 Mullane, supra,
 
 and
 
 New York, supra,
 
 and by two other circuit court opinions which applied this reasoning specifically to bankruptcy reorganization proceedings.
 
 See In re Intaeo, supra; In re Harbor Tank, supra.
 
 Inasmuch as we have held the notice by Reliable to Olson was deficient, the district court’s decision was not contrary to law; Olson’s claim cannot be bound to the Plan and, thus, it is not dischargeable.
 

 A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake. Specifically, the reorganization process depends upon all creditors and interested parties being properly notified of all vital steps in the proceeding so they may have the opportunity to protect their interests.
 
 [5]
 

 See In re Harbor Tank, supra.
 
 We will not require Olson to subject its claim to a confirmed reorganization plan that it had no opportunity to dispute.
 
 [6]
 

 WE AFFIRM.
 

 [1]
 

 . The Third Amended Plan of Reorganization defines “creditors” as all of those “holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.” R., Vol. I at p. 8. Reliable, however, failed to send a copy of these documents to Olson.
 

 [2]
 

 . On March 30, 1981, the bankruptcy court issued an order to allow specific claims and authorize payment. The court ordered “the claim of any Class 4 unsecured creditor who failed to timely file a Proof of Claim and/or ballot in the bankruptcy proceeding
 
 and whose claim was scheduled as disputed by the debtor is hereby disallowed.” Brief of Defendant-Appellee
 
 at 3 (quoting
 
 Trans.,
 
 Vol. I at 35) (emphasis added by Defendant-Appellee).
 

 [3]
 

 . In the district court, Reliable did not dispute the inadequacy of the notice given to Olson regarding the confirmation hearing.
 
 See
 
 R., Vol. I at pp. 61-62, 65; R., Vol. III at p. 81. However, at oral argument on appeal, Reliable contended that Olson was adequately notified because its attorney had actual knowledge of the reorganization proceeding. We do not normally consider a contention raised for the first time on appeal, however, we will address this point in order to more fully discuss and decide the serious due process question involved.
 

 [4]
 

 . 11 U.S.C. § 1141 provides in pertinent part:
 

 (a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind ... any creditor ... of ... the debtor, whether or not the claim or interest of such creditor ... is impaired under
 

 
 *623
 
 the plan and whether or not such creditor ... has accepted the plan.
 

 (c) After confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors ... except as otherwise provided in the plan or in the order confirming the plan.
 

 (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
 

 (A) discharges the debtor from any debt that arose before the date of such confirmation ... whether or not—
 

 (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
 

 (ii) such claim is allowed under section 502 of this title; or
 

 (iii) the holder of such claim has accepted the plan....
 

 [5]
 

 . Reliable asserts that even if Olson had voted to reject the Third Amended Plan, the Plan would still have been approved.
 
 See Reply Brief of Plaintiff-Appellant
 
 at 9. This overwhelming approval of the Plan by other creditors does not justify depriving Olson of its guaranteed due process right.
 
 See Coe v. Armour Fertilizer Works,
 
 237 U.S. 413, 424, 35 S.Ct. 625, 629, 59 L.Ed. 1027 (1915).
 

 [6]
 

 . Reliable refers to
 
 Evans v. Dearborn Machinery Movers Co.,
 
 200 F.2d 125 (6th Cir.1953) and
 
 North American Car Corp. v. Peerless Weighing & Vending Machine Corp.,
 
 143 F.2d 938 (2d Cir.1944), for the proposition that, notwithstanding deficient notice of the confirmation hearing and of the last date for filing claims, the creditor’s claim is still subject to the confirmed plan and discharge. Those cases, however, were decided prior to the Supreme Court’s decision in
 
 New York, supra,
 
 and do not control.
 

 Further, Reliable attempts to distinguish
 
 New York, In re In taco
 
 and
 
 In re Harbor Tank
 
 on the basis that those decisions did not hold that a defective notice of a confirmation hearing rendered the creditor’s claim nondischargeable; those cases held only that the creditor without sufficient notice may untimely file a claim over the debtor’s objection. Such distinction does not affect the application of those cases to the facts presented in the instant case. First, Reliable, not Olson, filed the request that Olson’s claim be allowed under the Plan. Second, Reliable had already fully distributed the payable assets to Class 4 unsecured creditors (the group Olson would belong to) at the time it moved to force Olson’s claim to be subject to the Plan. Under these circumstances, we agree with the bankruptcy court that “Olson’s claim against Reliable will be substantially impaired if Olson must share in the distribution of the debtor’s assets on the percentage basis allowed to other unsecured creditors of the debtor in the reorganization plan.” R., Vol. I at p. 66. Due process does not allow such a result without reasonable notice and an opportunity to be heard.
 

 Finally, Reliable argues strenuously that for us to uphold the finding of the district court would defeat the purpose of Chapter 11 — to give the bankrupt debtor a “fresh start.” As we noted in the text of this opinion, sections 1141(c) and (d) do appear to be “all-encompassing” as applied to creditor’s claims. Even so, Olson’s guaranteed right to due process is paramount under the circumstances presented in this case.