**In re MAY'S FAMILY CENTERS, INC., Debtor.**

**Bankruptcy No. 82 B 1799.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 5, 1985.

Wiczer & Associates, Chicago, Ill., and Nachamie, Kirschner, Levine, Spizz & Goldberg, P.C., New York City, for debtor.

Chase & Werner, Ltd., Chicago, Ill., for Maurice Stegall.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Petition to Amend Schedule of Creditors filed by MAURICE STEGALL, represented by CHASE & WERNER, LTD., and upon the Reply filed thereto by Debtor, MAY'S FAMILY CENTERS, INC., represented by WICZER & ASSOCIATES and by NACHAMIE, KIRSCHNER, LEVINE, SPIZZ & GOLDBERG, P.C., and the Court, having. considered the record in this case and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and having found that this cause constitutes a core proceeding, and being fully advised in the premises;

The Court Finds:

1. An involuntary bankruptcy petition was filed against Debtor, MAY'S FAMILY CENTERS, INC., on February 10, 1982. On March 17, 1982, Debtor filed written consent to the entry of an order for relief together with a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequent to March 17, 1982, Debtor retained its assets and managed its businesses as a debtor-in-possession until December 7, 1982, when a plan of reorganization filed by Debtor was confirmed by this Court.

2. On May 25, 1982, prior to the confirmation of Debtor's plan of reorganization, this Court entered an Order which allowed creditors sixty days' leave to file proof of claim in these proceedings. The Court's May 25, 1982, Order further provided that all parties, other than administrative claimants, who failed to file a proof of claim within the time allowed by the Court would not be treated as a creditor for purposes of voting or distribution under any Chapter 11 plan of reorganization confirmed respecting the Debtor.

3. Debtor filed a plan of reorganization on August 16, 1982. After notice and a hearing, the Court entered an Order which confirmed Debtor's Plan of Reorganization on December 7, 1982. This Court's December 7, 1982, Confirmation Order has since become final.

4. On May 28, 1981, Petitioner MAURICE STEGALL sustained personal injuries while on business premises located at 148th Street and Dixie Highway, Harvey, Illinois. Petitioner states that Debtor was liable for this personal injury claim.

5. Debtor did not schedule or otherwise identify Petitioner as a creditor of its bankruptcy estate, as required by Interim Bankruptcy Rule 1007(c). Consequently, Petitioner did not receive the notice required by Interim Bankruptcy Rule 2002(c)(2) of this Court's May 25, 1982, Order which set a bar date for the filing of proofs of claim in these proceedings. Nor was Petitioner afforded the notice required by Interim Bankruptcy Rule 2002(b)(5)–(7) of the hearings and orders entered with reference to Debtor's Chapter 11 disclosure statement and plan of reorganization.

6. Petitioner, through his counsel, directed a communication to Debtor by certified mail on May 28, 1981, and Debtor received this communication on June 4, 1981, as evidenced by a United States Postal Service certified mail return receipt. Petitioner states that this May 28, 1981, communication was sent in reference to his personal injury claim. A copy of the certified mail receipt is attached to Petitioner's March 12, 1984, reply memorandum as Exhibit A, but no copy of the actual *communication* sent to Debtor appears of record.

7. On September 23, 1982, the INSURANCE COMPANY OF NORTH AMERICA sent a letter to Petitioner's counsel with reference to Petitioner's personal injury claim against Debtor. The letter inquired with reference to whether Petitioner had furnished the insurance company with "all items of special damages" respecting his claim. A copy of this September 23, 1982, letter is attached to Petitioner's March 12, 1984, reply memorandum as Exhibit B.

8. On May 20, 1983, Petitioner filed suit against Debtor in the Circuit Court of Cook County, Illinois (No. 83 L 10004) with reference to his personal injury claim. Debtor's bankruptcy counsel sent a letter to Petitioner dated November 7, 1983, which advised Petitioner (1) that a bankruptcy case was commenced respecting Debtor on February 10, 1982; (2) that a Chapter 11 plan of reorganization respecting Debtor had been confirmed; and (3) that Petitioner's claim against Debtor had been discharged in the bankruptcy proceeding.

9. Petitioner filed his present motion on February 17, 1984, in which he requested that Debtor's bankruptcy schedules should be amended to include Petitioner as a creditor and in which he requested leave to file a proof of claim instanter, in the amount of $50,000.00.

10. Petitioner asserts that he is not bound by the Court's May 25, 1982, Order which set a bar date for the filing of proofs of claim in these proceedings, and that he is not bound by the December 7, 1982, Confirmation Order entered in this case, on account of Debtor's failure to afford Petitioner with the requisite notice of the entry of these orders and of the pendency of Debtor's bankruptcy case.

11. Debtor does not dispute the essential factual allegations contained in Petitioner's motion. Debtor takes the position that Petitioner holds a pre-bankruptcy petition claim which, absent an allegation of fraud, was discharged as a matter of law upon the confirmation of Debtor's Chapter 11 plan pursuant to section 1141(d)(1)(A) of the Bankruptcy Code. 11 U.S.C. § 1141(d)(1)(A).

Debtor also asserts that in any event, Petitioner's claim against it is meritless. Specifically, Debtor states that third parties, COMMUNITY DISCOUNT CENTERS, INC. and COMMUNITY FAMILY CENTERS, INC., as lessees, and the LA SALLE NATIONAL BANK, as Trustee under a land trust dated April 22, 1968, and known as Trust No. 37967, as lessor, owned or were in possession of the subject premises when Petitioner sustained his injuries. Debtor further states that it "never has or had any interest" in the premises where Petitioner sustained his injuries.

The Court Concludes and Further Finds:

1. Section 1141(d)(1)(A) of the Bankruptcy Code provides:

§ 1141 Effect of confirmation.

\* \* \* \* \* \*

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h) or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan.

2. It has been held that a creditor whose identity is known to the Debtor, who is not afforded notice of the hearing on a Chapter 11 plan of reorganization as required by the Bankruptcy Code and Rules, is not bound by the confirmation order notwithstanding the express provisions of section 1141(d)(1)(A) of the Bankruptcy Code. *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620, 622 (10th Cir.1984); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 98 n. 8 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111, 114 (3d Cir.1967). *Cf. New York v. New York, N.H. & H. R.R. Co.,* 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (creditor whose name, address and interest were known to the debtor was not bound by an order setting a bar date for filing proofs of claim, where the debtor failed to afford reasonable notice of the bar date to the creditor); *Bratton v. The Yoder Co. (In re The Yoder Co.* ), 758 F.2d 1114, 1116–17 (6th Cir.1985). The holding of the above authorities is predicated upon the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and upon the notion "that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *New York v. New York, N.H. & H. R.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

3. Debtor was aware or should have been aware of Petitioner's name and address and of the nature of Petitioner's claim. Debtor had the means to afford Petitioner with notice of its bankruptcy proceeding as required by the Bankruptcy Code and the applicable Bankruptcy Rules. Debtor did not afford this notice to Petitioner.

4. Petitioner is not bound by the December 7, 1982, Confirmation Order entered in these proceedings. *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620, 622 (10th Cir.1984). Petitioner is entitled to participate in distributions made under Debtor's confirmed Chapter 11 plan, provided that his claim is allowed by the Court.

5. Petitioner is not bound by the Court's May 25, 1982, Order which set a bar date for the filing of proofs of claim in this cause. *New York v. New York, N.H. & H. R.R. Co.,* 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Petitioner is granted leave to file proof of claim in these proceedings. Debtor is granted leave to file objection to the merits of Petitioner's claim, and it may, at its option, request an evidentiary hearing respecting its allegation that it had no property interest in the premises in which Petitioner sustained personal injuries.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petition To Amend Schedule Of Creditors filed by MAURICE STEGALL against Debtor, MAY'S FAMILY CENTERS, INC., be, and the same is hereby allowed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor, MAY'S FAMILY CENTERS, INC., be, and the same is hereby directed to amend its bankruptcy schedules to include the interest of MAURICE STEGALL as a claimant against its bankruptcy estate.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MAURICE STEGALL be, and the same is hereby granted leave to file proof of claim against the estate of Debtor, MAY'S FAMILY

CENTERS, INC., within thirty days following the effective date of this Memorandum Opinion and Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtor, MAY'S FAMILY CENTERS, INC., be, and the same is hereby granted leave to object to the merits of any proof of claim filed by MAURICE STEGALL, within thirty days after such proof of claim is filed, and that no distribution shall be made to MAURICE STEGALL under Debtor's Chapter 11 plan of reorganization until Debtor's objections to such claim have been resolved or until the time allowed Debtor to object to such claim has expired.