**In re GRIFFIN OIL COMPANY, INC., Debtor.**

**Bankruptcy No. 89–91979.**

United States Bankruptcy Court, E.D. Texas, Lufkin Division.

Oct. 8, 1992.

---

**420**

Stephanie McClure, Attorney, Tax Div., Dept. of Justice, Dallas, TX, for United States through its agency the Internal Revenue Service.

W.E. Verkin II, Alvin, TX, for debtor.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

Comes now before this Court the Motion of Griffin Oil Company, Inc., to Compel pursuant to a regularly scheduled hearing. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues before the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Griffin Oil Company, Inc., hereinafter referred to as ("Griffin" or "Debtor"), filed for relief under Chapter 11 of the Bankruptcy Code on September 21, 1988. On May 10, 1990, the Internal Revenue Service, hereinafter referred to as ("IRS"), filed a proof of claim for unpaid excise taxes in the amount of $230,464.00. No objection was filed to the IRS's proof of claim. Griffin's plan of reorganization went through several modifications before it was ready for confirmation. On November 14, 1990, Griffin's fourth modified plan of reorganization was confirmed by this Court. The order approving the plan provided for the payment in full of the IRS's claim; however, due to tax payments which Griffin maintained had been made throughout the pendency of Griffin's Chapter 11, the order further provided that Griffin was allowed various offsets and credits in the amount of $278,289.78. Due to the excess of payments over liabilities, Griffin's order of confirmation additionally required the IRS to refund the overage in the amount of $56,929.75.[1] The IRS did not file an objection to Griffin's fourth modified plan of reorganization nor was the IRS present at the confirmation hearing.

Following the confirmation of its plan Griffin attempted to obtain the refund of its overage payments to the IRS. The IRS acknowledges that it received service of Griffin's order of confirmation on or about

---

**1.** The difference between Griffin's claimed credits and offsets [$278,289.78] and the IRS's claim for taxes [$230,464.00] is $47,825.78. How Griffin arrived at the figure of $56,929.75 is unknown.

mid-March, 1991, service being delivered to the following addresses:

Internal Revenue Service
Special Procedure
1100 Commerce Street
Dallas, Texas 75242;
Internal Revenue Service
919 Smith Street
Special Procedures
Houston, Texas 77002;
Internal Revenue Service
Judson Road, Suite 182
Longview, Texas 75601.

However, Griffin's attempts to enforce its order of confirmation against the IRS has not met with success and as a result Griffin filed this Motion to Compel.

The IRS's objection to Griffin's Motion to Compel is one of procedure. Due to the immense size of the IRS bureaucracy, the IRS has instituted a system whereby all IRS tax disputes emanating from the cases tried in the Beaumont division of the Eastern District of Texas are routed to a special sub-department of the IRS located in Houston, Texas. The address of this sub-department is:

District Director, IRS
Special Procedure Staff
Stop 5022H–BP
P.O. Box 42837
Houston, Texas 77242–2837.

To insure consistency in the noticing of disputes involving the IRS as well as other claims involving federal agencies, this Court's local rules provide that in all cases in which the IRS is a creditor and in all Chapter 11 cases and Chapter 13 cases the IRS is to be served at the beforementioned address in addition to service being effected on the United States Attorney for the Eastern District of Texas at 700 North Street, Suite 102, Beaumont, Texas 77701.[2] L.R.Bankr.P. 11(A)(5) (App. A).

Griffin does not dispute that it failed to notice the IRS of the date of plan confirmation in conformity with this Court's local

rules. However, Griffin argues that to the extent the IRS was not noticed in conformity with this Court's local rules, the IRS received adequate notice on numerous previous occasions. Additionally, Griffin argues that even if the pre-confirmation notice to the IRS was inadequate, the IRS's admitted knowledge of the order of confirmation within six months of its entry and the IRS's concurrent failure to move for revocation of that order pursuant to 11 U.S.C.A. § 1144 (West 1979 and Supp.1992) acts as a bar to the IRS's complaint. The matter was taken under advisement. Necessary to this Court's ruling is a chronological examination of the events in this case.

## DISCUSSION OF LAW

■ Were we discussing a private creditor rather than the IRS the question would be analyzed as a "due process" argument. Due process would require that in order for this Court to hold that Griffin's order confirming plan of reorganization is binding on the IRS, that the IRS have received adequate notice of the reorganization process, specifically the hearing on plan confirmation such as to allow the IRS to protect its property interests. *Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620, 623 (10th Cir.1984) (a fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake); *In re Rideout,* 86 B.R. 523 (Bankr.N.D.Ohio 1988). The Supreme Court, in an oft-quoted phrase, has held that:

> [A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice *reasonably calculated, under all the circumstances,* to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to

2. The current address for the United States Attorney for the Eastern District of Texas is 350

Magnolia, Suite 150, Beaumont, Texas 77701.

make their appearance ... (emphasis added).

*Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Furthermore "[when] notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the [opposing party] might reasonably adopt to accomplish it." *Id.,* U.S. at 315, 70 S.Ct. at 657. The ultimate burden of demonstrating reasonableness of notice will always be on the noticing party. *Id.* ("The reasonableness and hence the constitutional validity of any chosen method [of notice] may be defended on the ground that it is itself reasonably certain to inform those affected."). Based on the facts of this case, this Court must hold that the IRS has not received adequate notice of the hearing on Debtor's plan of reorganization and accordingly the IRS is not bound by the plan provisions. *See United States Small Business Admin. v. Bridges,* 894 F.2d 108, 111 (5th Cir.1990) for a complete discussion of what constitutes adequacy of notice to a governmental agency.

█ Surprisingly, Griffin started off on the right foot in terms of providing adequate notice to the IRS. As early as November 15, 1989, Griffin's comptroller had directed a letter to the IRS, Special Procedures office in Houston, Texas. The letter was addressed to:

Charlotte Gates
Attention: Special Procedures
Stop 5022 HOU
P.O. Box 525557
Houston, Texas 77052.[3]

This letter informed Ms. Gates of the transfer of this case to the Beaumont divisional office of this Court and requested further contact from the IRS. Later, on March 2, 1990, Griffin's attorney directed a letter to Ms. Gates at the beforementioned address for the purpose of, inter alia, sending the IRS a copy of Griffin's plan of reorganization and disclosure statement and a copy of the order and notice for hearing on the disclosure statement. The IRS does not dispute receipt of this letter. Given that Debtor's plan of reorganization at this time provided for the payment in full of the IRS's claim, the IRS did not find Griffin's proposed disclosure statement and plan objectionable. This was the last time until after confirmation that Special Procedures was notified of the events transpiring in Griffin's case.[4]

Beginning in early March of 1990, Griffin began directing all correspondence to the IRS to an IRS satellite office in Longview, Texas, at the following address:

Internal Revenue Service
1125 Judson Road, Suite 182
Longview, Texas 75601.

Accordingly, this satellite branch office was sent the March 2, 1990, certificate of notice for hearing on disclosure statement, the April 16, 1990, notice of resetting of hearing on the debtor's disclosure statement, the July 17, 1990, order approving disclosure statement, the August 10, 1990, mailing of a ballot for accepting or rejecting Griffin's plan of reorganization and the September 3, 1990, order rescheduling the hearing on the confirmation of Griffin's plan of reorganization. There is no evidence to suggest that this satellite office ever acted upon these various notices. It is clear that this office did not play any role in Griffin's reorganization.

On August 11, 1990, Griffin's comptroller directed a letter addressed to:

J. Barnard—Excise Tax Group
Dallas District
Internal Revenue Service
1100 Commerce Street
Dallas, Texas 75242.

The purpose of this letter was to initiate a dialogue for the purpose of seeking rein-

---

**3.** Although this address is somewhat different from the Special Procedures address specified in the local rules the evidence is clear that the IRS received mail directed to this address. For the purposes of this opinion the Court finds Griffin's noticing of this address to be proper.

**4.** On July 23, 1990, Griffin's comptroller again directed a letter to Ms. Gates at the Special Procedures address in Houston, Texas, but the letter simply requested that Ms. Gates contact Griffin's comptroller.

statement of Griffin's previously revoked status as a tax free purchaser of diesel fuel. The letter announced that Griffin was in the process of finalizing its plan of reorganization. The letter further stated that Griffin had paid to the IRS amounts in excess of the IRS's claim and was seeking refund of the overpayments.

On October 18, 1990, Griffin disseminated to creditors its third modified plan of reorganization. The IRS was served at the Longview, Texas office, through Mr. J. Barnard with the excise tax group in the Dallas District office and through a Houston, Texas, excise tax officer at the following address:

Mr. John Jackson
Internal Revenue Service
8701 South Gessner
Box 48
Houston, Texas 77074.

Finally, notice of the hearing for the November 14, 1990, confirmation hearing was sent to the IRS at the preceding three addresses. At this point, it was clear that Debtor's plan maintained that not only had the IRS claim been paid through the operation of Griffin's business but that Griffin was maintaining that it was entitled to a refund which at this time was in the amount of $39,305.69. As previously stated, no IRS objection was forthcoming and Griffin's plan of reorganization was approved on November 14, 1990. It was not until mid-March of 1991 that the Special Procedures office in Houston was notified of the confirmation of Griffin's plan.

For the purpose of this opinion, the only notice of relevance is the notice to the IRS pertaining to the distribution of Griffin's plan of reorganization and the notice pertaining to the hearing thereon. All previous notices are redundant (this Court is concerned with the *quality* of notice rather than the *quantity* of notice).[5] In this regard, this Court must find that the notice to the IRS is deficient.

The IRS is an extremely large, multifaceted federal agency. The Fifth Circuit Court of Appeals has recognized that when a debtor is dealing with a large government agency composed of various offices throughout the United States "a debtor should give special attention to ensure timely and meaningful notice to the correct agency." *United States Small Business Admin. v. Bridges*, 894 F.2d 108, 111 (5th Cir.1990). Griffin's noticing of the IRS in this case can only be described as haphazard. As previously stated, Griffin's initial service on the IRS at the Special Procedures address in Houston was appropriate. Given that both Griffin's comptroller and counsel had earlier in the case addressed correspondence to this address reinforces this Court's view that Griffin, as a whole, was aware that this office was primarily responsible for resolution of Griffin's claims vis-a-vis the IRS. Why Griffin substituted the Longview, Texas, general satellite office for the Houston, Texas, Special Procedures office is not known. While it is not only in violation of this Court's local rules, it is almost certainly "not reasonably calculated, under all the circumstances, to apprise [the IRS] of the pendency of the action ..." (quoting *Mullane*).[6]

Griffin's noticing of the excise tax groups of the Internal Revenue Service at the Dallas and Houston, Texas, offices similarly is deficient. It seems very clear that Griffin's dealings with these parties was for the purpose of obtaining a reinstatement of Griffin's tax free status. Griffin has not introduced any evidence to indicate that these individuals had any authority to negotiate the IRS's claim in Griffin's bank-

---

5. Furthermore, the IRS's knowledge of Griffin's pending bankruptcy does not place an investigative burden on the IRS to ascertain when dispositive hearings affecting the IRS's interest take place. The IRS "has a 'right to assume' that [it] will receive all of the notices required by statute ..." *Reliable Elec. Co. v. Olson Const. Co.*, 726 F.2d 620, 622 (10th Cir.1984). This assumption presumes that the notice will be adequate.

6. *See United States Small Business Admin. v. Bridges*, 894 F.2d 108, 113 (5th Cir.1990) ("Even within an individual agency, given the formidable infrastructure of many of these government entities, automatic imputation of notice or actual knowledge from one branch office to another is seldom a viable concept").

ruptcy. Finally, the fact that following plan confirmation, Griffin "saw the light" and served the IRS at its Special Procedure addresses in Houston and Dallas (the latter of which was redundant) causes this Court to question Griffin's good faith and fair dealings with the IRS. If Griffin was trying to gain some advantage through the means of questionable noticing, Griffin has done so to its own detriment.[7]

■ Beyond the fatal defects in Griffin's noticing, this Court would deny Griffin's Motion to Compel on at least two other grounds. First, Griffin has never objected to the IRS's proof of claim in an amount in excess of $230,000.00. A proof of claim, once filed, is prima facia evidence of the claim. Fed.R.Bankr.P. 3001(f), 11 U.S.C.A. (West 1979 and Supp.1992). Once filed, the proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C.A. § 502(a) (West 1979 and Supp.1992). Because Griffin failed to file an objection to the IRS's proof of claim and successfully rebut its prima facia validity, the claim is allowed. Griffin can not accomplish an end run around his process through the means of reworking the IRS's claim in the context of a plan of reorganization. *See In re Simmons,* 765 F.2d 547, 553 (5th Cir.1985). As such, the claim of the IRS as originally filed continues to be valid.

■ The second additional reason why this Court would deny Griffin's Motion to Compel also rests on procedural grounds. Griffin's plan of reorganization and the present Motion to Compel seek turnover of in excess of $50,000.00 from the IRS. Turnover of property is an adversary proceeding governed pursuant to Fed. R.Bankr.P. 7001 *et seq.,* 11 U.S.C.A. (West 1979 and Supp.1992). As an adversary proceeding, Griffin would be required under Fed.R.Bankr.R. 7004(b)(4), (5), 11 U.S.C.A. (West 1979 and Supp.1992) to effect service of summons on the IRS, the Attorney General of the United States as well as the United States Attorney for the Eastern District of Texas. *See* 4A Wright & Miller, *Federal Practice and Procedure,* § 1107 at pp. 164–165 (2nd ed. 1987) ("a suit against a federal officer in the officer's official capacity is in effect a suit against the United States. For example, a suit against the District Director of Internal Revenue to recover a tax refund is a suit against that person, not as an individual but as an officer of the United States and process must be served under Rules 4(d)(4) and (5).") Thus, even if this Court were to ignore the previously stated procedural irregularities, this Court would still be constrained to find that Griffin has failed to take the procedural steps necessary to recover a turnover from the IRS.

■ Even if all previous notice was defective, Griffin argues that the IRS's admitted subsequent knowledge of the terms of the order of confirmation and the IRS's failure to move for revocation of that order of confirmation within six months of confirmation acts to bar the IRS's protest as untimely. For its proposition, Griffin cites the Court to 11 U.S.C.A. § 1144.[8] However, this Court's ruling does not have the effect of revoking Griffin's order of confirmation. This Court simply holds that because the IRS has failed to receive adequate notice to sufficiently protect its property interest that it has been denied due process and as such a confirmation of Debtor's plan of reorganization can not and does not have the effect of discharging the IRS's claim. *See Reliable Elec., supra* at 623; *In re Rideout,* 86 B.R. 523, 530 (Bankr.N.D.Ohio 1988). Therefore, Griffin's reliance on § 1144 is misplaced.

---

7. The Court's conclusion that Griffin's notice to the IRS of the hearing on plan confirmation is defective is particularly fact specific. Had Griffin not had actual knowledge of the appropriate sub-department of the IRS with which to deal (through the initial contact with Special Procedures) or constructive knowledge of the proper address for notice purposes (the Court's published local rules) Griffin's noticing might have been reasonable under the circumstances.

8. On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud ...

11 U.S.C.A. § 1144 (West 1979 and Supp.1992).

For these reasons, the Motion of Griffin Oil to Compel is DENIED.