In the Matter of **FEDERATED DEPART-MENT STORES and Allied Stores Corporation, Debtors.**

Bankruptcy No. 1–90–00130.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 15, 1993.

Robert Goering.

Kim Martin Lewis.

Neal Weill.

William T. Hayden.

### ORDER RE: MOTION OF ROSALBA MARASZKIEWICZ FOR ORDER FINDING THAT HER CLAIM IS EXCEPTED FROM THE CHAPTER 11 PROCEEDING

J. Vincent Aug Jr., Bankruptcy Judge.

This Chapter 11 case is before the Court on the Motion for Finding that the Claim of Rosalba Maraszkiewicz is Excepted from Discharge under the terms of the Plan of Reorganization of Federated Department Stores. The Reorganized Debtors filed a response in opposition to the Motion and a hearing was conducted on August 26, 1993.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND

The background of this dispute is unusual. In 1985 Ms. Maraszkiewicz was struck on the head and neck and knocked unconscious by a banner and wooden dowel that fell from the ceiling of a Bullock's Department Store. In June of 1986 her attorney filed a personal injury action in state court in California naming Federated Department Stores and Bullock's as defendants. The complaint was served in 1989 and Federated and Bullock's filed answers on April 27, 1989. Between 1989 and 1992, a significant amount of trial preparation occurred. Interrogatories and requests for admission were served and answered, discovery was conducted, status conferences were scheduled and attended, arbitration was ordered and an arbitration award made to Mrs. Maraszkiewicz. Trial *de novo* was requested by the defendants and a trial date was scheduled. According to the Declaration of David Hart, Ms. Maraszkiewicz' attorney, considerably in excess of 237 hours has been spent by him on this personal injury action.

On January 30, 1992, Macy's filed a Notice of Automatic Stay in the California personal injury litigation. This filing surprised Ms. Maraszkiewicz since Macy's was not a defendant in the litigation. Plaintiff learned for the first time through this action, however, that Macy's had purchased Bullock's from Federated in 1988, had taken over the defense of pre-purchase claims against Bullock's, and had subsequently filed for Chapter 11 protection. Notwithstanding Macy's Notice of Automatic Stay, the California state court ruled, on its own motion, that until a stay notice was filed on

behalf of Federated and Bullock's, a trial on Ms. Maraszkiewicz' claims would go forward as planned on May 4, 1992.

On May 19, 1992, Federated Department Stores received a letter from Zurich–American Insurance Group stating that Macy's had instructed Zurich–American, as Third Party Administrator, to immediately return the Maraszkiewicz case to Federated for continued handling. It was at this point that Federated learned of the existence of Mrs. Maraszkiewicz' claim. Federated, in turn, wrote to Attorney Hart on June 9, 1992, informing him that "Federated Department Stores went through its own bankruptcy proceeding in 1990." The letter further stated that under the Bankruptcy Court's order of May 7, 1990 establishing a bar date of August 1, 1990 for the filing of any claims, ". . . unless your client can demonstrate proof that she had properly filed her claim with the above-mentioned bankruptcy court, it would seem her claim against Federated may be forever barred." It was only upon receipt of this letter that Plaintiff learned of Federated's bankruptcy and that a bar date for filing claims had been set in Federated's case.

Because Macy's had purchased Bullock's in 1988, had taken over the defense of the Maraszkiewicz claim at that time, and had filed all pleadings and made all appearances on behalf of Federated and in Federated's name, Federated was unaware of the Maraszkiewicz claim and never scheduled Mrs. Maraszkiewicz as a creditor and consequently never gave her notice of the bar date or any of the other bankruptcy proceedings.

On June 12, 1992, Plaintiff's counsel appeared at a mandatory settlement conference in California state court at which time the trial judge set a trial date of November 16, 1992 and instructed Federated to file a notice of stay since Macy's notice of stay was not sufficient to prevent the trial from going forward on November 16. On November 16, the plaintiff appeared for trial and was told to file a claim in both the Federated and Macy's bankruptcies. The trial was continued to March 1, 1993.

On January 8, 1993, the plaintiff attempted to file a proof of claim with this Court. The claim was returned by the Court as untimely pursuant to Order Rejecting Untimely Claims (Doc. 6204). That Order provides that claimants wishing to file untimely claims must file a motion requesting a hearing for the purpose of establishing excusable neglect for failing to timely file their claims. Ms. Maraszkiewicz did not file a motion for allowance of late claim.

On March 1, 1993, plaintiff appeared in California state court for trial. At that time, Federated had still not filed any notice of bankruptcy stay. The case was continued to May 24, 1993.

On May 25, 1993, Plaintiff filed the instant motion seeking a ruling from this Court that her claim should not be a part of the bankruptcy and should be excepted from the plan, and that she be granted leave to proceed with her personal injury suit in the state court in California.

The Reorganized Debtors filed an objection alleging that Ms. Maraszkiewicz has suffered no harm from not being initially listed as a creditor in the case since Federated had offered her the right to file a late proof of claim. According to Federated, had she agreed to file a late claim, she could have participated pro-rata with all other unsecured creditors of Federated once she obtained a liquidated settlement or judgment. Federated further alleges that Ms. Maraszkiewicz has not presented evidence to demonstrate that Federated fraudulently or intentionally excluded her from its schedules and that if the Motion were granted it could directly damage other creditors.

## II. DISCUSSION

Ms. Maraszkiewicz apparently does not wish to file a proof of claim and does not wish to share pro-rata with other unsecured creditors. She wishes instead to have any eventual judgment in her favor satisfied without looking to the terms of the Debtors' Plan of Reorganization. The Debtors believe that since they were not at fault for not listing her claim on their schedules and since an adverse ruling here

could lead to the type of unorganized assault on the Debtors' assets that the Bankruptcy was intended to prevent, her Motion should be denied.

We find Ms. Maraszkiewicz' Motion well-taken and it is GRANTED. We rely on the cases of *Reliable Electric Co., Inc. v. Olson Const. Co.*, 726 F.2d 620 (10th Cir. 1984) and *U.S. v. Cardinal Mine Supply Co.*, 916 F.2d 1087 (6th Cir.1990). In *Reliable*, the debtor was put on notice of the claimant's status as a potential creditor by the claimant's filing of a counterclaim against the debtor. Despite this knowledge, however, no formal notice of any kind regarding the reorganization proceedings, nor any information regarding the time and manner of filing claims, was ever given to the claimant prior to the confirmation hearing. The Court held that where a claimant had not received notice of the bankruptcy proceeding or the confirmation hearing, discharge of the claim without reasonable notice is violative of the Fifth Amendment and a creditor could not be bound by the terms of the plan. "A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake. Specifically, the reorganization process depends upon all creditors and interested parties being properly notified of all vital steps in the proceeding so they may have the opportunity to protect their interests.... We will not require Olson to subject its claim to a confirmed reorganization plan that it had no opportunity to dispute." *Id.* at 623.

This reasoning was echoed in *Cardinal Mine Supply*, when the Sixth Circuit found that the failure of the Bankruptcy Rules to provide relief to creditors who received no notice of a bankruptcy and who had no knowledge of it cannot deprive those creditors of their substantive right not to have their property rights taken away without notice. The Court further reiterated that Bankruptcy Courts are courts of equity and can provide a remedy when there is a substantive right.

It is apparent to us that while neither Ms. Maraszkiewicz nor Federated is at fault here, it is Ms. Maraszkiewicz who will suffer most if her motion is denied. If she is forced to share pro-rata with other creditors under a plan she never knew existed and was never allowed to object to or vote on, she is deprived of her property rights. Federated, on the other hand, made a business decision in 1988 that Macy's would defend pre-purchase claims and presumably has recourse against Macy's under indemnification provisions of its purchase and sale agreement to the extent, if any, that Macy's has breached that agreement. Furthermore, it would be unfair to allow Federated to assert on the one hand that since it was unaware of Ms. Maraszkiewicz' claim, it was under no obligation to list her as a creditor, and on the other hand to insist that she be treated as a creditor.

Accordingly, the Motion is GRANTED.

IT IS SO ORDERED.