**In re James P. O'NEAL, Debtor.**

**Bankruptcy No. 97–00068–BGC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Aug. 20, 1997.

Daniel Sparks, Birmingham, AL, for Debtor.

Wayne Wheeler, Birmingham, AL, for Movant.

## Order Vacating Confirmation Order as to Elizabeth O'Neal

Benjamin Cohen, Bankruptcy Judge.

Few rights are as fundamental as those guaranteed by the Fifth Amendment to the United States Constitution. Of those, no person shall be deprived of property without due process of law. U.S. Const. amend. V. To hold that Elizabeth O'Neal is bound by the order confirming her former husband's Chapter 13 plan of reorganization would deny her that right.

### I. Findings of Fact

The debtor filed a Chapter 13 bankruptcy petition on January 3, 1 997. That petition lacked proper schedules and as a consequence, a *Notice of Deficient Filing* was sent to the debtor along with notice of a hearing for the debtor to show cause why the petition should not be dismissed. That hearing was scheduled for January 22, 1997.

Along with his incomplete petition, the debtor filed a list of those to whom notice of the bankruptcy filing should be sent. That list contained three names: the debtor, the debtor's attorney and a mortgage company. On January 14, 1997, the Court mailed notice of the bankruptcy filing, along with notices of the dates, locations and times of the first meeting of creditors and the hearing of confirmation of the debtor's proposed plan of reorganization to those three entities.[1]

On January 22, 1997, the debtor amended his petition to include other names, one of which was Elizabeth O'Neal, his former wife,

however, none of those added were sent notice of the bankruptcy filing or notice of the upcoming proceedings.

The first meeting of creditors and confirmation hearing were held, as scheduled, on February 12, 1997. Ms. O'Neal did not attend the proceedings. A confirmation order was entered on February 24, 1997. That order allowed the debtor to make payments ranging from $35,000.00 to $65,000.00 once a year on February 1. Additional payments of $500.00 per month over the life of the 60–month plan were added to that order in an *Order Amending Confirmation Order* entered on March 13, 1997 pursuant to a *Motion to Amend or Modify Confirmation Order* filed on March 3, 1997. Ms. O'Neal received a copy of the confirmation order and the order amending the confirmation order.

### II. Contentions

The debtor contends that Ms. O'Neal is bound by the confirmation order because she did not seek reconsideration of the order and did not appeal the order.

Ms. O'Neal disagrees. In her *Amended Motion for Relief from Stay and/or to Dismiss the Chapter 13 Petition,* Ms. O'Neal contends that the debtor owes her approximately $70,000.00 in unpaid, prepetition child support and alimony.[2] At the hearing on this matter and in her supporting documents, Ms. O'Neal argues that if her claims for child support and alimony are upheld, the $500.00 monthly payments would be inadequate and that to allow payments on a yearly basis would not provide her family with consistent financial assistance and would not provide her with a timely and adequate remedy if a payment was not made.[3] In opposition, the debtor argues that he has the right to include all prepetition obligations in his Chapter 13 case and has the right to pay them according to his confirmed plan.[4]

**1.** All dates, other than hearing dates, refer to docket entry dates.

**2.** On May 27, 1997, James O'Neal, the Debtor; Daniel Sparks, the attorney for the Debtor; Elizabeth O'Neal, the movant; and Wayne Wheeler, the attorney for the movant, appeared at a hearing on Ms. O'Neal's motion. At that hearing the parties agreed that the motion should be granted

if the debtor fails to meet any of his post-petition obligations and an order memorializing that agreement was signed by the Court on June 4, 1997.

**3.** The debtor listed a claim for Ms. O'Neal in his amended petition as an *unsecured, nonpriority* debt of $1.00.

### III. Issue

The issue is whether Ms. O'Neal is bound by the terms of the proposed plan and the order confirming that plan.[5] For the reasons stated below, this Court finds that she is not.

### IV. Conclusions of Law

■■■■ The law regarding the consequences of the failure to give a creditor notice of a bankruptcy confirmation hearing is unequivocal. The basis is constitutional. Notice and an opportunity to be heard are necessary to insure that due process is provided, *Foremost Fin. Serv. Corp. v. White (In re White)*, 908 F.2d 691, 694 (11th Cir. 1990), and emphasis on that notice and opportunity to be heard underlines a due process concern. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms)*, 863 F.2d 832, 835 (11th Cir.1989) (citing *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953)). The notice to be given is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality. . . ." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), and is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* In the context of this case, "any proceeding which is to be afforded finality" includes a hearing on the confirmation of bankruptcy plans. *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir.1993); *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069 (11th Cir.1990); *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620 (10th Cir.1984). Consequently, hearings on confirmation of bankruptcy plans require reasonable notice to insure that due process is provided. *Id.*[6]

■■ Ms. O'Neal did not receive notice of the confirmation hearing to be held in this case or notice that her right to payment of prepetition alimony and child support would be affected; consequently, she did not have any opportunity to present an objection to the debtor's proposal of the method of how those payments would be made. Her right to request reconsideration of the confirmation order and her right to appeal that order cannot serve as substitutes for her constitutional right to due process. That right exists independent of all others, and is one that would be violated if Ms. O'Neal were to be bound by the confirmation order entered in this case; consequently, Ms. O'Neal cannot be bound by the order.

It is therefore **ORDERED, ADJUDGED AND DECREED**, that:

1. The confirmation order entered on February 24, 1 997 is vacated as to Elizabeth O'Neal;

2. A confirmation hearing as to Ms. O'Neal shall be rescheduled and notice of that hearing shall be given to Ms. O'Neal;

3. The debtor and Ms. O'Neal shall have all rights and remedies with respect to the debtor's proposed plan of reorganization and hearing on confirmation as they would have had in the first instance;

4. The bar date for filing claims as to Ms. O'Neal, is extended to 30 days from the date of the entry of this Order;

5. The debtor may respond to Ms. O'Neal's *Amended Motion for Relief from Stay and/or to Dismiss the Chapter 13 Petition* if he desires but shall do so within 30 days from the date of the entry of this order;

---

**4.** No arrangements have been made to pay the alimony and child support debts as priority debts as required by 11 U.S.C. § 507(a)(7).

**5.** The parties agree that a decision on this issue is necessary before any others may be addressed.

**6.** "The constitutional component of notice is based upon a recognition that creditors have a right to adequate notice and the opportunity to

participate in a *meaningful way* in the course of bankruptcy proceedings." *United States v. Hairopoulos (In re Hairopoulos)*, 118 F.3d 1240, 1244–45 (8th Cir.1997) (footnote omitted and emphasis added) (citing *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953)).

6. A status conference to determine a trial date for the motion and other matters will be scheduled by a separate notice after 30 days from the date of the entry of this order.