**In re FEDERATED DEPARTMENT STORES, INC., and Allied Stores Corporation, et al., Debtors.**

**Bankruptcy No. 1–90–00130.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 14, 1998.

Douglas L. Lutz, Cincinnati, OH, for Reorganized Debtors.

Sanford S. Lurie, New York City, for Toback.

Neal J. Weill, Asst. U.S. Trustee, Cincinnati, OH.

## DECISION ON REORGANIZED DEBTORS' MOTION FOR ORDER ENFORCING CONFIRMATION INJUNCTION and DISCHARGE AGAINST MEREDITH TOBACK

BURTON PERLMAN, Bankruptcy Judge.

In these consolidated cases, Order Establishing Bar Date for Filing Proofs of Claim (the "Bar Date Order") was entered May 7, 1990, a bar date of August 1, 1990, was set for filing proofs of claim in the consolidated bankruptcy cases. Order Confirming Third Amended Joint Plan of Reorganization was entered January 10, 1992. The effective date of the Plan was February 4, 1992. On January 9, 1997, this court entered its Order Authorizing and Approving Alternative Dispute Resolution Procedure (the "ADR Procedure") for unresolved pre-petition personal injury claims and certain other claims.

Meredith Toback, on or about August 10, 1994, filed a complaint against Reorganized Debtors in the state courts of New York asserting a personal injury claim. Reorganized Debtors filed an answer to the complaint, and subsequently a motion for summary judgment based upon an assertion that Toback's claim was barred by the discharge set forth in the confirmed Plan because she failed to file a proof of claim in the consolidated bankruptcy cases. The state court denied the motion for summary judgment. The Reorganized Debtors then filed the present motion in this court. With their motion, Reorganized Debtors filed a number of exhibits. These include the pleadings in the state court action, including the decision by the state court denying the motion for summary judgment. Toback filed a memorandum in opposition to the motion which was supported by an affidavit by her attorney, Sanford S. Lurie. A number of exhibits were attached to Lurie's affidavit. A hearing was held on Reorganized Debtors' motion, and subsequent thereto both sides filed memoranda.

Central to the present controversy is the holding by the state court in denying the motion of Reorganized Debtors for summary judgment in the state court litigation. The court said:

... Inasmuch as plaintiff filed no proofs of claim prior to the deadline, Federated maintains plaintiff is now barred from her cause of action for personal injury (*See In re Maya Construction Co.,* 78 F.3d 1395, 1398–99 (9th Cir.1996), cert. den., —— U.S. ——, 117 S.Ct. 168, 136 L.Ed.2d 110 (1996))

Plaintiff maintains that Federated was well aware of its contingent liability for plaintiff's injuries and should have served plaintiff with formal notice. Failing such notice, plaintiff is not included within the class of claimants barred by Federated's bankruptcy discharge. (*Id.*).

A debtor must list a creditor whose identity and claim he knows (citation omitted). The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he has actual knowledge of ... proceedings, does not have a duty to investigate and inject himself into the proceedings. ... As a matter of due process, the person whose entitlement to money from the debtor will be destroyed by the judg-

ment is entitled to notice. (citations omitted). (*In re Maya Construction Co.,* 78 F.3d, *supra,* at 1399, cert. den., 117 S.Ct. 168).

A known claim arises from facts that would alert the reasonable debtor to the possibility that a claim might reasonably be filed against it (citation omitted)! ... Known creditors are defined as creditors that a debtor knew of or should have known of when sending notice of the bar date (citation omitted). *In re Brunswick Hospital Center v. State of New York,* 1997 WL 836684 (Bkrtcy.E.D.N.Y. 1997).

"Due process requires a reasonable search for contingent ... claims so that ... creditors can receive adequate notice of the bar date. What is reasonable depends on the particular fact of each case. A debtor need not be omnipotent or clairvoyant. A debtor is obligated, however, to initiate more than a cursory review of its records and files to ascertain known creditors." (*Id.*)

Inasmuch as it appears from the factual submissions that Federated did not diligently search its records to determine if this plaintiff had a claim, and that Federated should have known that she had one, Federated cannot, without formal notice, bring plaintiff within the bar of the Bankruptcy Court's order of May 7, 1990.

No appeal was taken or attempted from the state court decision.

After reviewing the submissions by the parties in this court, it is very clear that what is presented here is the very same controversy which was before the state court on Reorganized Debtors' motion there for summary judgment. The state court considered the issue and found facts and concluded as a matter of law against the position of Reorganized Debtors. Reorganized Debtors had the option of coming to this court in the first instance for a resolution of the question of whether Toback was bound by the confirmation order. They chose instead to present the question to the New York state court. Since they did so, and the state court rendered a decision, this court is precluded from reviewing the issue dealt with by the New York state court.

■ The basis for this conclusion is the *Rooker–Feldman* doctrine. That doctrine, rooted in two United States Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), is a "combination of abstention and res judicata doctrines, [and] stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995), *cert. dismissed,* 516 U.S. 983, 116 S.Ct. 492, 133 L.Ed.2d 418 (1995); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 4469. As a rule, the lower federal courts do not have the authority to review state court judgments, even where a federal question is presented. Federal appellate review of state court judgments can be obtained only in the United States Supreme Court. *See Feldman,* 460 U.S. at 476, 103 S.Ct. at 1303; *see also* 28 U.S.C. § 1257(a) ("Final judgments ... rendered by the highest court of a State ... may be reviewed by the Supreme Court...."). *Rooker–Feldman,* in essence, bars "a party losing in state court ... from seeking what ... would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

■ Under the *Rooker–Feldman* doctrine, impermissible appellate review by a lower federal of state court determinations occurs where the relief sought in federal court is "inextricably intertwined" with a state court judgment. A federal claim is considered "inextricably intertwined" with a state court judgment if:

[t]he federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment.

*Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir.1990) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)). Reorganized Debtors have presented this court with the same question that it presented to the New York state court: whether Toback was bound by the confirmation order. There can be no doubt, therefore, that the relief sought is "inextricably intertwined" with the state court determination. Consequently, *Rooker–Feldman* bars us from reviewing the New York state court's decision.

■ Reorganized Debtors argue that they are not barred in this court from advocating their present position because the state court order is not a final judgment. While they are correct as far as the application of res judicata, that same argument does not bar the application of *Rooker–Feldman*. "[R]ooker–Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir.1995); *see also Port Auth. Police Benevolent Assn. v. Port Auth. of N.Y. and N.J. Police Dept.*, 973 F.2d 169, 177–79 (3d Cir.1992). Reorganized Debtors also argue that *Rooker–Feldman* is inapplicable because the state court order is "void ab initio." Their argument in this respect, however, depends on their ability on appeal to persuade a court that the lower court erred, and that the injunction of the confirmation order bars plaintiff. At present, this argument of Reorganized Debtors is without merit.

Notwithstanding that, in terms, the state court pronounced that Toback was not barred from pursuing her claim by the Bar Date Order entered by this court, it is clear that the basis for that pronouncement was that the demands of due process with respect to Toback had not been met by the Reorganized Debtors. This follows from the reference in the state order to the necessity for "formal notice," which Toback had not been given. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). ("An elementary and fundamental requirement of due process in any proceeding which is to be

afforded finality is notice, reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections."). The necessary conclusion from that finding is that the discharge in the confirmation order has no application to Toback. *Reliable Elec. Co ., Inc. v. Olson Constr. Co.*, 726 F.2d 620 (10th Cir.1984). Toback therefore is entitled to proceed with her state court action.

Reorganized Debtors argue that in the event that this court reaches the conclusion just stated, we should consider whether Toback should be barred from proceeding with her claim because of laches. In support of this proposition, Reorganized Debtors refer us to cases in which a claimant seeks to file a late claim in a bankruptcy case and the defense by the debtor is laches.

■ While not really articulated by Reorganized Debtors, it seems to be their position that even if the Toback litigation proceeds, and if an outcome favorable to Toback is reached, that at that point Toback's only recourse is to seek to file a proof of claim in this court. Were that the case, then Reorganized Debtors laches cases would be relevant. Toback, however, disputes the position of Reorganized Debtors, contending that on the basis of the holding of the New York court, the bankruptcy proceedings have no application to her, she has no need to file a claim in the bankruptcy court, and therefore the laches cases of Reorganized Debtors have no application to her. We hold that Toback's position is correct and that she can proceed with her state court action with all rights to levy execution on any favorable judgment just as she could had there never been a bankruptcy. This conclusion follows necessarily from our holding that Toback's claim is not discharged by the order confirming the plan. *See* 8 Collier on Bankruptcy (15th Ed. rev.) ¶ 1141.06, footnotes 2 and 3; and *see In re Federated Dept. Stores*, 158 B.R. 103 (Bankr.S.D.Ohio 1993).

A final point made by the Reorganized Debtors requires comment. They urge that in the event that the court reaches a conclusion on this favorable to Toback, that Toback should be compelled to submit her claim to

the ADR Procedures which are in place in these consolidated cases by our order. Since we have held that the Toback claim is free of the bankruptcy, there is simply no basis upon which this court could order submission of her claim to the ADR Procedures.

The motion of Reorganized Debtors for Order Enforcing Confirmation Injunction and Discharge against Meredith Toback will be denied.